**FERRIS v. WHITAKER et al.**
Civ. No. 235.

United States District Court
E. D. North Carolina,
Washington Division.

Aug. 12, 1954.

Peel & Peel, Robert H. Cowen, Williamston, N. C., for plaintiff.

Hugh G. Horton, Critcher & Gurganus, Williamston, N. C., for defendants.

GILLAM, District Judge.

This action for personal injuries was heard without a jury. From the evidence and stipulations I find these facts:

The defendant, Murph Whitaker, servant of defendant, T. L. Roberson, was operating a log truck on U. S. Highway No. 17, travelling in a southerly direction, and the plaintiff was a passenger in an Oldsmobile being operated by her husband on said highway in the same direction; as Whitaker approached an intersection he gave the hand-signal required by North Carolina law to indicate his intention to make a left turn into the intersecting road; the driver of the Oldsmobile in which plaintiff was riding either failed to see the signal or ignored it (he had died before the hearing) and attempted to pass at the intersection, and a collision between the two vehicles occurred when Whitaker had almost completed his turn and when his front wheels were within a foot or two from the edge of the pavement; plaintiff was painfully injured.

This act on the part of the driver of the Oldsmobile was in violation of N.C.G.S. § 20-150(c), which provides that a "driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction * * * at any intersection * * *" and constituted negligence per se. Donivant v. Swaim, 229 N.C. 114, 47 S.E.2d 707. I find that such negligence was the sole proximate cause of the collision and resulting injuries.

The plaintiff contends that Whitaker was negligent in failing to comply with N.C.G.S. § 20-153, which requires that the driver of a vehicle "when intending to turn to the left shall * * * pass beyond the center of the intersection * * *" While I find that Whitaker violated this statutory provision by turning left a foot or two before passing beyond the center of the intersection, I also find that the evidence fails to show this violation was a proximate cause of the collision. Obviously, the statute is intended for the protection of a vehicle coming in from the left on the intersecting road. It is difficult for me to see how such failure might operate to the prejudice of a driver undertaking to pass at the intersection, since it would be impossible for him to know when the driver ahead of him had actually passed the center. The driver of the Oldsmobile, for some unknown reason, decided to pass after being warned that the left turn into the intersection was intended, and there is no reason to believe that if the driver of the log truck had proceeded a foot or two more in the straight line before beginning the turn, the collision would not have happened. The picture, so far as the driver of the Oldsmobile was concerned, was not altered to his

detriment by the failure of the driver of the log truck to comply literally with the Statute.

No negligence on the part of the defendants having been established, the plaintiff is not entitled to recover.

Judgment for defendants with costs.