LYDIA KELLY HIGHFILL v. OLLIE F. PARRISH, Executor of Estate of Hattie Lee Kelly, Deceased.

(Filed 11 December, 1957)

**Executors and Administrators § 15d: Evidence §§ 26½, 32—**

In an action to recover upon *quantum meruit* for personal services rendered deceased, testimony by the executor to the effect that he performed practically all the personal services which plaintiff claimed she had performed, as testified to by other witnesses, "opens the door" and renders competent, for the purpose of rebuttal, testimony by plaintiff as to the personal services rendered by her. G.S. 8-51.

APPEAL by defendant from *Fountain, S. J.*, and a jury, at 27 May, 1957, Civil Term of GUILFORD (Greensboro Division).

*Wm. E. Comer for appellant.*
*Frazier & Frazier for appellee.*

JOHNSON, J. This is a civil action brought by the plaintiff to recover upon a *quantum meruit for* personal services rendered Mrs. Hattie Lee Kelly during the last nine or ten months of her life. The plaintiff was a step-daughter of Mrs. Kelly. Their homes were on adjoining lots. The plaintiff's evidence discloses that she spent much time over at the home of the deceased performing various personal services of a menial nature for the deceased. There was a verdict and judgment in favor of the plaintiff for $750.

The defendant's chief assignment of error is based on an exception to the testimony of the plaintiff, in which she was permitted to relate in detail the things she did for the deceased. The defendant contends that this testimony was violative of the dead-man statute, G.S. 8-51. However, the challenged testimony was not received in evidence until after the defendant executor went upon the stand and testified that he performed for the deceased practically all the services which the plaintiff claimed she had performed. As to this, the executor testified in part: "I would go to the grocery store for her once a week—mostly on Friday night. *I did everything for her;* I even washed dishes, swept floors, made up beds, *and everything else down there.* . . . I never saw Mrs. Highfill take in any food to Mrs. Kelly. I have seen her over there, but she would always leave before I come in." (Italics added.)

Previous to the admission of this testimony, the plaintiff in making out her case had relied chiefly on the testimony of other witnesses. However, after the executor testified as above indicated, the court, being of the opinion that the defendant had "opened the door" in respect to the personal services the plaintiff claimed she had performed, permitted her to testify in rebuttal concerning these matters. As to them, it would seem that the door had been swung wide by the testimony of the defendant, and that the trial court correctly so held. The ruling was free of error. It is supported by authoritative decisions of this Court. See *Burnett v. Savage,* 92 N.C. 10. See also *Peek v. Shook,* 233 N.C. 259, 63 S.E. 2d 542; *Walston v. Coppersmith,* 197 N.C. 407, 149 S.E. 381. The cases cited and relied on by the defendant, including *Batten v. Aycock,* 224 N.C. 225, 29 S.E. 2d 739, do not sustain his position.

The defendant's remaining assignments of error are without merit. They raise no new question requiring discussion. Prejudicial error has not been made to appear. The judgment and verdict will be upheld.

No error.