LEROY CASTLE v. B. H. YATES COMPANY, INC.

No. 7314DC382

(Filed 11 July 1973)

1. **Trial § 14— motion to reopen case**
   The trial court did not abuse its discretion in the denial of plaintiff's motion made at the close of all the evidence that he be permitted to reopen his case in order to offer additional evidence.

2. **Rules of Civil Procedure § 41— nonjury trial — motion to dismiss at close of evidence**
   Although G.S. 1A-1, Rule 41(b), does not provide for a motion for involuntary dismissal made at the close of all the evidence, plaintiff was not prejudiced by the allowance of such a motion made by defendant where the trial court thereafter entered a judgment on the merits pursuant to G.S. 1A-1, Rule 52.

APPEAL by plaintiff from *Read, District Court Judge,* at the 30 October 1972 Session of District Court held in DURHAM County.

Plaintiff instituted this action to recover $3,897 in commissions allegedly due from defendant pursuant to a written contract entered into on 23 September 1969. Defendant counterclaimed alleging damages for lost profits as a result of plaintiff's breach of contract. This case was heard before the court sitting without a jury.

In September 1969, plaintiff and defendant entered into a written "Sales Representative Agreement" in which plaintiff

agreed to act as sales representative for defendant company in North and South Carolina. Plaintiff presented evidence which tended to show: that defendant company, at the time of this agreement, was a manufacturer's representative in those two states for several companies, including Nester/Faust, Inc., and Forma Scientific, Inc.; that plaintiff, as an independent contractor, "subcontracted" with defendant company to represent its clients; that plaintiff did in fact sell various equipment manufactured by Nester/Faust, Inc., and Forma Scientific, Inc., between 4 November 1969 and 2 July 1970, for which he had not received any commission; that this contract was terminated, pursuant to the provisions of the contract, on 15 September 1970; and that as of 26 May 1971, the date this action was instituted, such commissions due from defendant company totaled $3,897.

The contract provided that plaintiff's commission would be 50% of all commissions that defendant company received on orders credited to plaintiff's territory. The contract also specifically provided that no commissions shall be due or payable to plaintiff until defendant company receives payment of its commissions from the manufacturer.

At the close of the plaintiff's evidence, defendant's motion for an involuntary dismissal pursuant to Rule 41(b) of the N. C. Rules of Civil Procedure was denied. Defendant offered no evidence, rested its case, and sought to withdraw its counterclaim and submit to a voluntary dismissal without prejudice. At the close of all the evidence, defendant renewed its motion for an involuntary dismissal of plaintiff's action.

After the renewal of defendant's motion for an involuntary dismissal at the close of all the evidence, plaintiff made a motion to reopen his case by recalling B. H. Yates, president of defendant company, for the purpose of inquiring into the amount of commissions which defendant company had received on orders taken by plaintiff and represented by invoices introduced as plaintiff's evidence. The court denied this motion.

Defendant's motion for an involuntary dismissal was allowed in an order dated 24 November 1972. On that same day, the court entered a judgment on the merits which included the following findings of fact: that pursuant to the terms of the contract, plaintiff was entitled to no commissions until defendant received payment of said commissions from the manufac-

turer; and that plaintiff does not know and did not offer any evidence that any commissions had, in fact, been paid to defendant and the amounts thereof. The court concluded that plaintiff had failed to prove that defendant owed him any commissions pursuant to the terms of the contract, and ordered that plaintiff have and recover nothing of the defendant. The court also dismissed defendant's counterclaim without prejudice. Plaintiff appealed.

*Powe, Porter, Alphin & Whichard, P.A., by J. G. Billings, for plaintiff.*

*Haywood, Denny & Miller, by John C. Martin, for defendant.*

BROCK, Judge.

[1]   Plaintiff assigns as error the trial court's refusal of his motion to be permitted to reopen his case in order to offer additional evidence. Plaintiff proposed to recall B. H. Yates, president of defendant company, for the purpose of inquiring into the amount of commissions defendant company had received on certain orders taken by plaintiff. This motion was made at the close of all the evidence. The court denied this motion after noting that Mr. Yates was present in court and capable of walking to the witness stand.

The trial court, in its discretion, may allow plaintiff or defendant to introduce further evidence after they have rested. *Rose & Day, Inc. v. Cleary,* 14 N. C. App. 125, 187 S.E. 2d 359. Plaintiff had ample opportunity, before he rested, to offer any evidence he wished to offer in support of his claim. He has failed to demonstrate any abuse of discretion in the trial court's denial of his motion. This assignment of error is overruled.

[2]   Plaintiff assigns as error the court's allowance of defendant's motion for involuntary dismissal at the close of all the evidence. Plaintiff contends that the allowance of this motion at the end of all the evidence is inconsistent with the denial of an identical motion at the close of plaintiff's evidence and so constitutes reversible error. We find no merit in this contention.

: In this case, defendant aptly made a motion for involuntary dismissal at the close of plaintiff's evidence. The motion was denied at that time. At the close of all the evidence, defendant sought to renew such motion for involuntary dismissal on the

grounds that upon the facts and the law plaintiff had shown no right to relief. The trial court allowed this motion and then entered a judgment on the merits, making findings of fact and conclusions of law pursuant to G.S. 1A-1, Rule 52 of the North Carolina Rules of Civil Procedure.

Rule 41 (b) of the Rules of Civil Procedure does not provide for a motion for involuntary dismissal made at the close of all the evidence. The fact that defendant made such a motion which is not sanctioned under the rules and that the trial judge inadvertently allowed it, in no way prejudiced plaintiff. The trial judge thereafter entered a judgment on the merits pursuant to Rule 52. Plaintiff has not excepted to any of the findings of fact or conclusions of law contained in that judgment.

Affirmed.

Judges HEDRICK and VAUGHN concur.