DANIEL ALEXANDER MANESS, JR., ADMINISTRATOR OF THE ESTATE OF LARRY EDWARD MANESS v. RONALD CLYDE BULLINS AND CLYDE COLUMBUS BULLINS
— AND —
DANIEL ALEXANDER MANESS, JR. v. RONALD CLYDE BULLINS AND CLYDE COLUMBUS BULLINS

No. 7619SC875

(Filed 4 May 1977)

1. Evidence § 14— hospital records — privileged communication

In an action to recover for damages sustained in an automobile accident where the jury found that plaintiff was contributorily negligent in riding with the defendant, knowing that defendant was intoxicated, the trial court did not err in refusing to allow into evidence the hospital emergency room record of the treatment of defendant driver and testimony of the attending emergency room physician, since the lack of any mention of intoxication in the hospital record was not relevant to the question of intoxication in this case and the privilege between physician and patient extends to entries in hospital records pertaining to information obtained by the physician in attending the patient.

2. Evidence § 22— testimony at former trial — question and answer form best evidence

Where the original plaintiff and one of plaintiffs' witnesses had died by the time of the fifth trial, the trial court did not err in refusing to allow the introduction of their testimony at a previous trial in the narrative form that had been prepared for a case on appeal, but instead properly allowed the introduction of their testimony in question and answer form as recorded in the transcript of a previous trial, since that was the most accurate form of the witnesses' testimony, and in this case was the best evidence.

3. Trial § 14— reopening case for additional evidence — discretionary matter

The trial court in its discretion may allow plaintiff or defendant to introduce further evidence after he has rested.

APPEAL by plaintiffs from *Lupton, Judge.* Judgment entered 10 June 1976 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 14 April 1977.

These actions arise out of a collision by an automobile with a utility pole which occurred on 4 June 1966. This appeal follows the fifth trial by jury had in the cases. For a brief history of the previous trials, *see Maness v. Bullins,* 27 N.C. App. 214, 218 S.E. 2d 507 (1975), where Judge Morris summarized the prolonged litigation resulting from this incident.

In their complaints, filed 31 October 1968, plaintiffs allege that the automobile was owned by defendant Clyde C. Bullins and operated by his son, defendant Ronald C. Bullins; that plaintiff Larry E. Maness was a passenger in the automobile at the time of the collision and at that time was a minor; and that he was injured as a result of negligence on the part of defendant driver. Plaintiff Larry E. Maness asked that he be compensated for his injuries and plaintiff Daniel A. Maness, Larry's father, asked that he be reimbursed for medical expenses incurred on behalf of his son.

In their answers defendants deny negligence and plead contributory negligence on the part of plaintiff Larry Maness. They allege that prior to the collision plaintiff Larry Maness and defendant Ronald Bullins were riding around drinking intoxicants together; that defendant Ronald Bullins became intoxicated and that plaintiff Larry Maness continued to ride with him, knowing that he was intoxicated.

Prior to the fifth trial plaintiff Larry Maness died from causes unrelated to this case and his administrator was substituted as plaintiff in his action.

The cases were consolidated for trial. At trial the primary contest was on the question of contributory negligence on the part of plaintiff Larry Maness. The jury answered the issue of negligence in favor of plaintiffs but answered the issue of contributory negligence in favor of defendants. From judgment denying plaintiffs any recovery and taxing them with the costs, they appealed.

*Ottway Burton for plaintiff appellants.*

*Coltrane and Gavin, by W. E. Gavin, for defendant appellees.*

BRITT, Judge.

[1]   Plaintiffs contend that the trial court erred in refusing to allow into evidence the hospital emergency room record of the treatment of defendant driver, and in refusing to allow into evidence certain testimony of the attending emergency room physician. These contentions are without merit.

The hospital record in question was prepared by Dr. Paul H. Brigman very soon after the collision. It contains nothing relating to the patient's intoxication. Apparently, plaintiffs wanted to argue to the jury that the absence of any information in the hospital record concerning intoxication created a logical inference that defendant driver was not intoxicated. We do not think plaintiffs were entitled to introduce the record for that purpose. The lack of any mention of intoxication in the hospital record is not relevant to the question of intoxication in this case. Moreover, the privilege between physician and patient extends to entries in hospital records pertaining to information obtained by the physician in attending the patient. *Sims v. Insurance Co.*, 257 N.C. 32, 125 S.E. 2d 326 (1962). We hold that the trial court properly exercised its discretion in excluding the record.

The attending emergency room physician testified that he had no opinion as to whether defendant driver was under the influence of intoxicants when he was treated at approximately 2:25 a.m. on 4 June 1966. Plaintiffs argue that the court erred in refusing to allow Dr. Brigman to testify why he did not have an opinion. Dr. Brigman testified for the record that he did not recall the details of the accident and that his only recollection was recorded in the hospital record. We think this evidence was properly excluded from the jury, especially since plaintiffs were not entitled to have the hospital record admitted and the doctor's statement would have led to mere speculation and conjecture by the jury. The reason why Dr. Brigman had no opinion in this instance had no probative value and would not have been an aid to the jury.

[2]   At the time of the fifth trial, the original plaintiff, Larry Maness, and plaintiffs' witness Bertha Lee Maness had died. Plaintiffs contend that the court erred in refusing to allow the introduction of their testimony at a previous trial in the narrative form that had been prepared for a case on appeal. Instead, the trial court allowed the introduction of their testimony in

Maness v. Bullins

question and answer form as recorded in the transcript of a previous trial.

We do not think the court erred in requiring the introduction of the transcript of the deceased witnesses' prior testimony. The prior testimony of a witness should be presented to the jury in the most accurate and complete manner possible. Certainly the question and answer form of testimony provided by the transcript is the most accurate and should be introduced when available. Furthermore, in this case it was the best evidence. 2 Stansbury, North Carolina Evidence (Brandis Rev. 1973), § 190 *et seq.*

Plaintiffs next contend that the court abused its discretion in allowing the defendants to reopen the case after both sides had rested and then read into evidence certain portions of a transcript of the cross-examination of the deceased, Larry Maness. This contention is without merit.

[3] The trial court, in its discretion, may allow plaintiff or defendant to introduce further evidence after they have rested. *Rose & Day, Inc. v. Cleary,* 14 N.C. App. 125, 187 S.E. 2d 359 (1972), *State v. Satterfield,* 207 N.C. 118, 176 S.E. 466 (1934). We fail to perceive any abuse of discretion by the trial court in the allowance of this testimony. In fact, the plaintiffs also introduced additional evidence after the case had been reopened.

Plaintiffs next contend that the court erred in its jury charge by putting undue emphasis on the defendants' evidence concerning the issue of the deceased plaintiff's alleged contributory negligence. Plaintiffs also argue that the court incorrectly charged on the issue of contributory negligence by giving more stress to the contentions of defendants than to those of the plaintiffs.

Obviously, the question of whether the intestate, Larry Maness, was contributorily negligent was a key issue in this case. We have carefully reviewed the charge of the court and conclude that it did not give undue emphasis to either the evidence or the contentions of defendants concerning the issue of contributory negligence.

Plaintiffs also contend that the court erred by giving the jury a written memorandum of the issues in the case. This contention is without merit.

Plaintiffs apparently concede in their brief that this may not have prejudiced them. We fail to perceive any prejudice to the plaintiffs by the submission of the memorandum to the jury. In fact, we think that in a personal injury case with multiple issues, the submission of a written memorandum of the issues can be a valuable aid to the jury.

We have carefully considered the remaining assignments of error and have found them to be without merit. We conclude that plaintiffs received a fair trial free from prejudicial error.

No error.

Judges PARKER and MARTIN concur.