PATSY R. HOLT, Administratrix of the Estate of William F. Millsaps, Deceased v. CITY OF STATESVILLE and REA CONSTRUCTION COMPANY

No. 7722SC272

(Filed 21 February 1978)

**Municipal Corporations § 17.1— street being paved—protruding manhole cover—death of motorist**

Plaintiff's evidence in a wrongful death action was sufficient for submission to the jury on the issue of negligence by defendant city and defendant construction company and did not establish contributory negligence on the part of plaintiff's intestate as a matter of law where it tended to show: plaintiff's intestate was driving his automobile 35 mph on a rainy night along a street being paved by defendant construction company under a contract with defendant city; the pavement at an intersection was broken with a two-inch drop off from the pavement to gravel covering the intersection; defendant con-

struction company had left a manhole cover protruding three inches above the level of the road in the intersection; there were no lights, signs or barricades warning motorists of these conditions; and the intestate's automobile struck the protruding manhole cover, swerved and struck a tree, causing the intestate's death.

APPEAL by plaintiff from *Albright, Judge*. Judgment entered 24 November 1976, in Superior Court, IREDELL County. Heard in the Court of Appeals 1 February 1978.

Plaintiff instituted a wrongful death action under G.S. 28A-18-2 against defendants for the death of her son, William Millsaps. Each defendant filed an answer denying negligence on its part, pleading contributory negligence by the deceased, and cross-claiming against the other defendant. At trial, plaintiff's evidence produced the following account of deceased's death:

On the night of 4 January 1975, Millsaps was driving his 1970 automobile in an easterly direction on Alexander Street in Statesville. REA Construction Company had been paving Alexander Street pursuant to a contract with the City of Statesville, and, according to plaintiff's witnesses, had left a manhole cover protruding as much as three inches above the level of the road. Millsaps, who was driving the automobile, hit the cover of the manhole, which was located in the center of Alexander Street, swerved, and hit a tree. Millsaps died two days later as a result of injuries sustained in the accident.

Plaintiff's testimony also included evidence from one of the four passengers in Millsaps' automobile that deceased was driving normally, between 35 and 40 m.p.h., that Millsaps had his headlights on, and that there were no lights, signs, or barricades warning of the manhole. J. P. Eckman, who investigated the accident for the Statesville Police Department, testified on cross-examination and over plaintiff's objection that there was an odor of alcohol on deceased's breath.

After plaintiff's evidence, defendants moved for a directed verdict, but the motion was denied. Defendants then put on evidence by other passengers of the automobile. Judy Chambers testified that deceased had been drinking within three or four hours before the accident and that between 1:00 a.m. and 1:30 a.m. he was staggering, but not "bad enough to fall up against something." Another passenger, Charles Keaton, testified that

Millsaps was driving 51 m.p.h. but that "Millsaps was operating the motor vehicle in a normal fashion" and that he had not seen Millsaps take a drink of an alcoholic beverage and had not smelled alcohol on his breath. Defendant REA Construction Company introduced into evidence, over plaintiff's objection, G.S. 20-141(b)(1) which states:

"(b) Except as otherwise provided in this Chapter, it shall be unlawful to operate a vehicle in excess of the following speeds:

"(1) Thirty-five miles per hour inside municipal corporate limits for all vehicles."

From the granting of defendants' motion for a directed verdict at the close of all the evidence, plaintiff appeals.

*Jay F. Frank for plaintiff appellant.*

*Pope, McMillan & Bender, by Harold J. Bender and Charles C. Green, Jr., for defendant appellee, City of Statesville.*

*Moore & Willardson, by Larry S. Moore and John S. Willardson, for defendant appellee, REA Construction Company.*

ARNOLD, Judge.

By her assignments of error plaintiff contends that the court erred in the following instances:

(1) By allowing the investigating officer to testify that he detected an odor of alcohol on the deceased and that he found a beer bottle next to the vehicle;

(2) By refusing to allow her to testify that while deceased was in hospital he told her that he loved her;

(3) By refusing to allow her testimony that the deceased was in pain;

(4) By refusing to allow her to identify a photograph of deceased and introduce the same as evidence;

(5) By allowing the introduction into evidence of § 20-141(a) through (b)(1) of the General Statutes;

(6) By refusing the testimony of Patricia Millsaps that she did not smell alcohol about deceased; and

(7) By refusing to allow a rebuttal witness for plaintiff to testify about an earlier conversation in which a defense witness said nothing about the deceased's being at a certain residence and drinking.

We disagree with plaintiff and see no merit in further discussion of these arguments.

The principal question presented by this appeal is whether it was error to grant defendants' motions for directed verdict. From our vantage it appears that it would have been more prudent in the instant case to have submitted this case to the jury while reserving judgment notwithstanding the verdict. G.S. 1A-1, Rule 50.

After reviewing the evidence in the light most favorable to plaintiff, giving her the benefit of all reasonable inferences to be drawn and resolving contradictions in her favor and considering so much of defendants' evidence as is favorable to plaintiff, *see, e.g. Clark v. Bodycombe*, 289 N.C. 246, 221 S.E. 2d 506 (1976), we find that the evidence was sufficient to be submitted to the jury on the issue of defendants' negligence and that it did not establish contributory negligence as a matter of law.

According to the evidence taken in the light most favorable to plaintiff, the accident occurred on a rainy night at an intersection which was under construction. The pavement was broken with a two-inch drop off from the pavement to gravel which covered the intersection. The manhole cover protruded three inches above the level of the road, and it was in the middle of the road. There were no warning lights or barricades to put motorists on notice of these conditions. Intestate was driving 35 m.p.h. when the accident occurred.

Defendants' motion for directed verdict was granted on the grounds that plaintiff failed to show actionable negligence, and that the evidence showed contributory negligence as a matter of law. Judgment cannot be sustained on either ground.

Though the evidence surely does not compel such a verdict, there is evidence which would support a finding that defendants were negligent in leaving an exposed manhole in the middle of an intersection without erecting any warning devices to forewarn motorists that the intersection was under construction. Moreover,

the record does not clearly show that the intestate had driven through the intersection just prior to the accident and therefore should have had actual notice that the intersection was under construction. The jury might well find contributory negligence on the part of the intestate, but we cannot say that reasonable minds could reach no other conclusion.

Judgment granting defendants' motion for directed verdict is

Reversed.

Judges PARKER and MARTIN concur.