JOSEPH DANIEL GAY AND MARILYNN F. GAY v. REESE B. WALTER

No. 818SC126

(Filed 3 November 1981)

**1. Automobiles § 45.6— photographs to illustrate testimony admissible**

In a personal injury action occurring before 1 October 1981, two photographs of the intersection at which an accident occurred were admissible for illustrative purposes even though they were taken at a different time of day and under different lighting conditions than the event they illustrated.

**2. Trial § 14— failure to allow additional evidence after the close of the evidence—not error**

The general rule is that it is in the discretion of the trial judge whether to allow additional evidence by a party after that party has rested or whether to allow additional evidence after the close of the evidence, and the exercise of the trial court's discretion will not be disturbed on appeal absent an abuse of that discretion.

**3. Automobiles § 88.5— instruction on violation of left turn statute proper**

In a personal injury case where defendant's evidence raised the possibility that plaintiff violated G.S. 20-153(b), which required plaintiff to be in the most left-hand lane of the street, it was not error for the trial judge to instruct on that statute as the trial judge has the duty to instruct the jury on the legal issues raised by the evidence.

APPEAL by plaintiff from *Llewellyn, Judge*. Judgment entered 18 September 1980 in Superior Court, LENOIR County. Heard in the Court of Appeals 14 September 1981.

This action involves claims and counterclaims for personal injury and property damages arising out of an automobile collision between plaintiff and defendant. Both parties assert negligence of the other.

Plaintiff's evidence tends to show that at 6:00 p.m. on 1 November 1977 plaintiff was driving south on North Heritage Street, which is a two lane street with a double yellow line separating the lanes. It was cloudy and dark, and plaintiff had her car lights on. Plaintiff intended to make a left turn onto Daniel Street. Approximately 300 feet before the intersection of North Heritage Street and Daniel Street, plaintiff turned on her left turn signal. She stopped adjacent to the yellow line at the entrance of the intersection and waited for several oncoming cars to pass before making her turn. As plaintiff began her turn, her car

was struck in its left side by defendant's automobile, which was also proceeding south on North Heritage Street. Plaintiff has suffered serious back and leg injuries as a result of this accident. Plaintiff seeks personal injury damages, and plaintiff's husband seeks property damages for his car.

Defendant's evidence tends to show that defendant was traveling south on Heritage Street, driving within the speed limit. There were cars parked parallel to the curb on each side of the street. Defendant saw plaintiff's car parked on defendant's right side of North Heritage Street, by the curb near the Daniel Street intersection. Without signaling a left turn, plaintiff suddenly crossed directly in front of defendant's car, almost perpendicular to defendant's path. Defendant braked but was unable to avoid the collision. The accident occurred in the southbound lane of North Heritage Street. Plaintiff's automobile was damaged on the front and the left side, while defendant's car was damaged on the right front fender. Defendant counterclaimed for property damage to his car.

The jury found defendant negligent and plaintiff contributorily negligent, and awarded neither any damages. Plaintiff has appealed from judgment entered on the verdict.

*White, Allen, Hooten, Hodges & Hines, P.A., by John M. Martin, for plaintiff-appellant.*

*Jeffress, Morris, Rochelle & Duke, P.A., by Thomas H. Morris, for defendant-appellee.*

WELLS, Judge.

This appeal involves questions of possible error in the admission of photographic evidence, in the exclusion of rebuttal testimony, and errors in the trial court's charge to the jury as it relates to a motorist's duty in signaling and making a proper left-hand turn at an intersection. We find no error in the trial.

[1] Plaintiff first assigns as error the admission into evidence of two photographs of the intersection offered by defendant. Plaintiff contends first, that the photographs differed substantially from the actual scene, since they were taken in daylight though the accident occurred after dark; and second, that they were not actually used to illustrate defendant's testimony. A photograph

may be used to illustrate testimony as long as it portrays a scene with sufficient accuracy, even though it was not made simultaneously with the event to which the testimony relates. 1 Stansbury's N.C. Evidence (Brandis Revision 1973) § 34. Thus, a photograph is admissible for illustrative purposes[1] even if it was taken at a different time of day and under different lighting conditions than the event it illustrates. *State v. Lester*, 289 N.C. 239, 221 S.E. 2d 268 (1975), *State v. Johnson*, 280 N.C. 281, 185 S.E. 2d 698 (1971). While plaintiff contends that the witness did not actually use the photographs to explain his testimony, the record shows that defendant testified as to the configuration of the intersection, the relative positions of his car and plaintiff's, and the positions of their automobiles after the collision. The photographs of the intersection were used to illustrate defendant's testimony. We overrule this assignment.

[2]   In her second assignment of error, plaintiff contends that the trial court erred in refusing to allow plaintiff's rebuttal testimony.

When defendant rested, plaintiff offered the testimony of two rebuttal witnesses, Joseph Ray Brochure and Joseph Gay. The trial court sustained defendant's objections to their testimony. Had Brochure been allowed to testify, he would have testified that he was a licensed land surveyor, that he had made a survey of the intersection of North Heritage and Daniel Street and had prepared an exhibit based on his survey showing the width of the two streets and the width of the lanes of travel of the two streets at the intersection. Gay would have testified to corroborate the testimony of Brochure. Plaintiff concedes that the admission of rebuttal testimony is a matter within the discretion of the trial court, but contends that the trial court abused its discretion in this case. The use of the term "rebuttal" may be misleading in such cases as the one before us. The record here discloses that plaintiff testified that her husband, Joseph Gay, a former highway patrolman, had measured the streets at the intersection; and yet, when Mr. Gay testified in plaintiff's behalf, he offered no such testimony. Further, both parties offered photographs to illustrate the intersection, and plaintiff offered testimony generally as to the width of North Heritage Street. It would, therefore, appear

---

1. This case arose before October 1, 1981, the effective date of N.C. Sess. Laws Chap. 451 (H 149), which allows photographs to be used as substantive evidence.

that the testimony offered by plaintiff after defendant rested was not so much "rebuttal" as it was additional testimony. The general rule is that it is in the discretion of the trial judge whether to allow additional evidence by a party after that party has rested or whether to allow additional evidence after the close of the evidence. 12 Strong's N.C. Index 3d, *Trial,* § 14, page 375, *Castle v. Yates Co.,* 18 N.C. App. 632, 197 S.E. 2d 611 (1973). The exercise of the trial court's discretion in such cases will not be disturbed on appeal absent an abuse of that discretion. *Maness v. Bullins,* 33 N.C. App. 208, 234 S.E. 2d 465 (1977), *disc. rev. denied,* 293 N.C. 160, 236 S.E. 2d 704 (1977). We see no such abuse here, and this assignment is, therefore, overruled.

[3]  Plaintiff next assigns error to the inclusion of an instruction on G.S. 20-153(b)[2] in the trial judge's charge to the jury. Plaintiff contends that the statute is inapplicable to this case. We disagree. The trial judge has the duty to instruct the jury on the legal issues raised by the evidence. G.S. 1A-1, Rule 51(a), *Griffin v. Watkins,* 269 N.C. 650, 153 S.E. 2d 356 (1967), 12 Strong's N.C. Index 3d, *Trial,* § 32, page 421. The evidence presented by plaintiff and defendant conflicted with regard to the lane in which plaintiff was traveling when she attempted her left turn. Defendant's evidence tended to show that plaintiff was in the right-hand lane of North Heritage Street, next to the curb. Defendant's evidence raised the possibility that plaintiff violated G.S. 20-153(b), which required plaintiff to be in the most left-hand lane of the street. We find no merit in plaintiff's assertion that *Ferris v. Whitaker,* 123 F. Supp. 356 (E.D.N.C. 1954), limits the application of G.S. 20-153(b) exclusively to cases involving a vehicle entering an intersection from the left of the intersecting road. *Ferris* involved an accident which occurred when plaintiff's car attempted to pass defendant's truck on the left, while defendant was turning left at an intersection. The court in *Ferris* simply stated that though the defendant truck driver "cut the corner"

---

2. G.S. 20-153(b) Left Turns.—The driver of a vehicle intending to turn left at any intersection shall approach the intersection in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle, and, after entering the intersection, the left turn shall be made so as to leave the intersection in a lane lawfully available to traffic moving in such direction upon the roadway being entered. Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection.

slightly, and indeed violated G.S. 20-153, this was not the prox-
imate cause of the collision. The statute applies to protect the
safety of all who may be affected by a vehicle turning left at an
intersection. Since defendant's evidence supplied the factual basis
for this instruction, there was no error in this part of the charge.
*See Griffin v. Watkins,* supra.

Plaintiff also argues that reversible error occurred when the
court instructed the jury on G.S. 20-153(b), and referred to a turn
signal requirement. The portion of the charge to which plaintiff
excepts is as follows:

"As to the second contention, the motor vehicle law provides
that the driver of a vehicle intending to turn left at an in-
tersection shall approach the intersection in the extreme left-
hand lane lawfully available to traffic moving in the direction
of travel of such vehicle, *and after entering the intersection
the left-hand turn signal shall be made so as to leave the in-
tersection in a lane lawfully available to traffic moving in
such direction upon the roadway being entered.*"

The trial judge inadvertently added the word "signal" to this por-
tion of the charge. He later instructed the jury fully as to the
relevant turn signal statute. We are unconvinced that this *lapsus
linguae* confused the jury. Jury instructions are to be construed
contextually, and there is no error if they were correct on the
whole. *State v. Watson,* 294 N.C. 159, 240 S.E. 2d 440 (1977),
*Gregory v. Lynch,* 271 N.C. 198, 155 S.E. 2d 488 (1967), *Hanks v.
Nationwide Mut. Fire Ins. Co.,* 47 N.C. App. 393, 267 S.E. 2d 409
(1980). This assignment is overruled.

The final assignment which we address is whether the trial
judge erred in explaining the turn signal statute to the jury.
Plaintiff contends that the instructions could have misled the jury
into thinking that failure to give a turn signal, in itself, con-
stitutes contributory negligence per se. Plaintiff excepts to a por-
tion of the charge which reads:

"[I]f the defendant has proved . . . the plaintiff . . . was
negligent in any one or more of the following respects, . . .
by turning from a direct line before turning from a direct line
(sic) failing to determine that the movement could be made in

safety *or failing to give a plain visible signal of her intention to turn."*

The jury had previously been instructed that "[I]f the operation of another vehicle may be affected, he [the driver] must give a plainly visible signal. . . . Turning in violation of these duties is not negligence within itself. . . ." Plaintiff admits that this portion of the instruction is correct. Viewing this instruction on the whole, we find no error, and overrule this assignment. *See Griffin v. Watkins,* supra.

No error.

Chief Judge MORRIS and Judge CLARK concur.