IN THE MATTER OF THE PURPORTED LAST WILL AND TESTAMENT OF JAMES BETHUNE

No. 8120SC1369

(Filed 18 January 1983)

1. Wills § 23— caveat proceeding—refusal to give peremptory instruction for propounders

The trial court in a caveat proceeding properly refused to give the jury a peremptory instruction that it should find that the will in question was the will of the purported testator if the jurors believed the witnesses as to the execution of the will where the caveators presented sufficient evidence for the jury to find that the paper writing in question was not duly executed by the purported testator.

2. Evidence § 11.5— transaction with deceased—testimony by beneficiary of will

The trial court in a caveat proceeding properly ruled that a beneficiary of the purported will was precluded by G.S. 8-51 from testifying as to her transactions with deceased.

APPEAL by propounders from *Lane, Judge.* Judgment entered 4 September 1981 in Superior Court, MOORE County. Heard in the Court of Appeals 24 September 1982.

This is a caveat proceeding filed by the three natural children of James Bethune who died in Moore County on 26 July 1979. The caveators alleged that Bethune's purported will, which was presented for probate on 17 August 1979, was not his last will and testament because Bethune was mentally ill and physically weak on the date the will was executed. They further alleged that the purported will was not signed by Bethune, or in the alternative, that his signature was obtained by undue influence. The propounders of the will, Juanita Mason and Patricia Lyon, are the illegitimate daughters of Bethune and the sole beneficiaries of the purported will.

The caveat proceeding was subsequently transferred to the Superior Court for trial on the issue of *devisavit vel non.* Caveators stipulated that they were no longer alleging insufficient mental capacity of Bethune.

The propounders' evidence tends to show that on 14 October 1978, Bethune came to Doris Mungo's house in Durham. Bethune asked Ms. Mungo, the mother of propounders, if she would accompany him to Grover Burthey's Funeral Home for the purpose of witnessing his will. When Bethune and Ms. Mungo arrived at Burthey's office, Bethune handed him a typed document and asked Burthey to witness his will. After reading the document labeled "LAST WILL AND TESTAMENT OF JAMES BETHUNE TO JUANITA MASON AND PATRICIA LYON," Burthey read the document to Bethune. At Bethune's request, Burthey signed Bethune's name to the document while Bethune held the pen. Burthey and Ms. Mungo then signed the document in the presence of Bethune. Bethune told a neighbor that he had willed everything to his daughters "Pat and Juanita."

The caveators' evidence tends to show that on 4 June 1981 Burthey told a private investigator that he did not read the purported will to Bethune. Attorney George Bumpass testified that his firm had done extensive legal work for Bethune including the drafting of a will in the 1950's, but that he did not draft the will in question. During 1978 and 1979, Bumpass saw Bethune approximately twice a month. In April 1979 Bethune asked Bumpass

about clearing up property matters in Moore County but never mentioned making a will. Bumpass further testified that Bethune would not go near Burthey's Funeral Home and did not want Burthey near his house. Other evidence tends to show that Bethune's health had been poor since 1977; that he could not read nor write and that he had told a neighbor that he did not want any of his possessions to go to his daughters in Durham.

At the close of the evidence the jury found that the paper writing, dated 14 October 1978, was not executed by James Bethune according to the requirements of the law for a valid last will and testament.

From a judgment entered on the verdict, the propounders appeal.

*Boyette and Boyette, by M. G. Boyette, Sr., for propounder appellants.*

*Van Camp, Gill & Crumpler, by James R. Van Camp, for caveator appellees.*

MARTIN, Judge.[1]

[1] At the close of the evidence, the propounders moved for a directed verdict, or, in the alternative, for a peremptory instruction to the jury "that if they believe the witnesses as to the execution of the Will that they should find the Will should be probated in solemn form and is the will of the late James Bethune." The propounders have assigned error to the trial court's denial of this motion on the basis that they had met their burden of showing a properly executed will and that the caveators had failed to present any evidence to the contrary. We disagree.

In a case such as this the trial court must consider all of the evidence in the light most favorable to the caveators, deem their evidence to be true, resolve all conflicts in their favor and give them the benefit of all reasonable inferences arising from the evidence. *In re Coley*, 53 N.C. App. 318, 280 S.E. 2d 770 (1981). Furthermore, a peremptory instruction in favor of the party hav-

---

1. The Court's decision in this case was made and written prior to Judge Martin's retirement.

In re Bethune

ing the burden of proof is proper only "when there is no conflict in the evidence and but one inference is permissible from it." *Cutts v. Casey*, 278 N.C. 390, 418-419, 180 S.E. 2d 297, 312 (1971). In the case *sub judice* caveators presented evidence that attorney George Bumpass' firm had prepared a will for Bethune in the 1950's; that Bumpass had no knowledge of the will at issue; that Bumpass had known Bethune for a long time and knew that he did not get along with Burthey and that Bethune had stated that he did not want to leave any of his property to his daughters in Durham. We believe the caveators presented sufficient evidence for the jury to find that the paper writing was not the duly executed will of James Bethune. It is obvious that the jurors did not believe the propounders' witnesses. This assignment of error is overruled.

[2] The propounders have also assigned error to the refusal of the trial court to allow Juanita Mason to testify as to her transactions with Bethune. The record on appeal shows that, at the close of the evidence and after the trial court had ruled on propounders' motion for a directed verdict and peremptory instruction, propounders attempted to offer the testimony of Juanita Mason. The court ruled that this witness could not testify as to her transactions with Bethune. We are unable to say if the exclusion of this testimony was prejudicial, since the record does not disclose what Ms. Mason's testimony would have been. *In re Worrell*, 35 N.C. App. 278, 241 S.E. 2d 343, *disc. review denied*, 295 N.C. 90, 244 S.E. 2d 263 (1978). Furthermore, the trial court has discretionary power to allow or disallow a party to introduce further evidence after they have rested. *Maness v. Bullins*, 33 N.C. App. 208, 234 S.E. 2d 465, *disc. review denied*, 293 N.C. 160, 236 S.E. 2d 704 (1977). We find no abuse of the trial court's discretion. We finally note that, pursuant to the language in G.S. 8-51 (the dead man's statute), it appears that the trial court was correct in disallowing Ms. Mason's testimony. This statute, in pertinent part provides: "[A] party shall not be examined as a witness in his own behalf or interest . . . against the executor, administrator or survivor of a deceased person . . . or a person deriving his title or interest from, through or under a deceased person . . . , concerning a personal transaction or communication between the witness

and the deceased person . . . ."[2] Ms. Mason, as a beneficiary of the purported will, comes within the ambit of this statute. *In re Will of Edgerton*, 29 N.C. App. 60, 223 S.E. 2d 524, *disc. review denied*, 290 N.C. 308, 225 S.E. 2d 832 (1976).

In their final argument propounders contend that the trial court erred in denying their motions to set aside the verdict and for a new trial, for reasons given in their prior assignments of error. Having found no merit to these assignments of error, we shall not disturb the verdict or the judgment.

Affirmed.

Judges ARNOLD and WHICHARD concur.

---

2. An exception to G.S. 8-51 is noted in actions to set aside a purported will on grounds which include the lack of mental capacity. *In re Will of Ricks*, 292 N.C. 28, 231 S.E. 2d 856 (1977). In the matter presently before this Court, mental capacity was not an issue for jury determination.