CAROLE TUCKER HUTTON, ADMINISTRATRIX OF THE ESTATE OF CLARA AULT TUCKER v. WILLOWBROOK CARE CENTER, INC.

No. 8521SC423

(Filed 4 February 1986)

**Hospitals § 3.2— intermediate care facility—negligent treatment of patient—evidence properly excluded**

Where plaintiff alleged that defendant intermediate care facility was negligent in its care and treatment of deceased which resulted in her injury and ultimate death, defendant's defense was based in large part on the contention that by following its general policies and practices it gave deceased the

care it had contracted to provide for her, and plaintiff put before the jury considerable evidence regarding general conditions at the facility as they related to deceased, the trial court did not err in excluding testimony by witnesses in rebuttal which tended to show mistreatment by defendant of named patients other than deceased, or in excluding during rebuttal two reports resulting from an investigation of defendant by the Department of Human Resources.

APPEAL by plaintiff from *Freeman, Judge*. Judgment entered 28 September 1984 in Superior Court, FORSYTH County. Heard in the Court of Appeals 29 October 1985.

*Horton, Hendrick & Kummer, by Hamilton C. Horton, Jr., and Gray Robinson, for plaintiff appellant.*

*J. Robert Elster, Michael L. Robinson and Petree, Stockton, Robinson, Vaughn, Glaze & Maready, of counsel, for defendant appellee.*

BECTON, Judge.

Plaintiff, Carole Tucker Hutton, appeals from an entry of judgment on a jury verdict in favor of defendant, Willowbrook Care Center, Inc. (Willowbrook). Hutton's lawsuit is based on her claim that Willowbrook was negligent in its care and treatment of Clara Ault Tucker resulting in her injury and, ultimately, her death. The jury returned a verdict finding that defendant was not negligent.

On 18 March 1980, Ms. Tucker was admitted as a patient to the Willowbrook nursing home. Ms. Tucker was 73 years old, paralyzed on her right side from a stroke, incontinent, and, for the most part, unable to speak. Willowbrook contracted to provide food, lodging, and nursing and medical care as needed by Ms. Tucker. The evidence shows that from March 1980 to 24 January 1982 when Ms. Tucker died, she was hospitalized five times for various reasons. In December 1982, Ms. Hutton, as administratrix of Ms. Tucker's estate, filed a complaint against Willowbrook alleging that the care Ms. Tucker received was "grossly negligent, callous, and cruel, causing extreme pain and suffering . . . and constituting a proximate cause of her ultimate death." Willowbrook answered denying any negligence on its part and alleging that, if it were negligent, the plaintiff and her family, the beneficiaries of decedent's estate, were contributorily negligent.

At trial, Ms. Hutton offered extensive testimony of Willowbrook's alleged negligent care and mistreatment of Ms. Tucker. Willowbrook's testimony indicated that care and treatment of Ms. Tucker was adequate in light of the fact that Willowbrook was an "intermediate care facility" rather than a "skilled care facility." As Ms. Hutton was aware upon admission of Ms. Tucker, an intermediate care facility is less expensive and does not provide around-the-clock supervision of patients or therapy programs, as do skilled care facilities. Patients are checked periodically at intermediate care facilities. This evidence was offered to show that Willowbrook exercised ordinary care toward Ms. Tucker. Ms. Hutton offered several witnesses in rebuttal. They were permitted to testify extensively, over objection by defendant, about general conditions at Willowbrook as they affected Ms. Tucker. The trial court sustained objections to the admission of testimony by these witnesses in rebuttal that tended to show mistreatment by Willowbrook of named patients other than Ms. Tucker. The trial court also excluded during rebuttal two reports resulting from an investigation by the Department of Human Resources.

Ms. Hutton appeals, assigning error to the trial court's exclusion of certain rebuttal testimony and to two Department of Human Resources reports. We find no error.

Ms. Hutton argues that the exclusion of rebuttal testimony was reversible error because the testimony was relevant to discredit defense witnesses. Ms. Hutton contends that these defense witnesses had testified about general policies at Willowbrook and that the conditions at Willowbrook were satisfactory. A review of the testimony, however, reveals that these witnesses generally were asked about these policies and conditions only as they related to Ms. Tucker. An example is found reproduced in plaintiff Hutton's brief in which the defense attorney examined a former nursing employee:

Q. There has been some testimony about whether or not water and liquids were provided to Mrs. Tucker. Would you describe to the jury what the practice was insofar as water in Mrs. Tucker's room from you[r] personal knowledge and involvement in it?

A. Water and ice. They had a water and ice carton. It was passed every morning about 10:00 A.M. and every afternoon between 3:30 and 4:00.

Q. Were you one of the people that did that from time to time?

A. No, sir. That was nurse's aides.

Q. And was that a standard procedure done every day?

A. Yes, sir.

Q. Even on Saturdays and Sundays?

A. Yes, sir.

Q. What was the practice during the time of Mrs. Tucker's stay at Willowbrook with regard to checking on patients? That is, periodically going to the patient's room? Was that done on a set schedule?

A. Yes, sir. Patients are checked every two hours and then periodically in-between.

Q. Describe what you mean by periodically in-between.

A. If you walk by, you are checking on them. In and out of the rooms, up and down the halls.

Hutton argues that the defendant's introduction of this "new evidence" opened the door for plaintiff to introduce rebuttal testimony. *See, e.g., Highfill v. Parrish*, 247 N.C. 389, 100 S.E. 2d 840 (1957). Hutton concedes that the evidence she offered in rebuttal might not have been admissible in her case in chief.

Evidentiary rulings by a trial court will not be disturbed on appeal absent a showing that the court abused its discretion. *Gay v. Walter*, 58 N.C. App. 360, 362-63, 283 S.E. 2d 797, 799-800 (It was not an abuse of discretion to exclude rebuttal evidence.), *modified on other grounds*, 58 N.C. App. 813, 294 S.E. 2d 769 (1982); *see Hold v. City of Statesville*, 35 N.C. App. 381, 241 S.E. 2d 362 (1978) (There was no merit to argument that court erred in refusing to admit rebuttal witness.). In the case at bar, the trial court allowed plaintiff to offer several witnesses' testimony in rebuttal and excluded only those portions tending to show Wil-

lowbrook's treatment of other specifically named patients.[1] In light of the evidence allowed by the court, we cannot say the trial court abused its discretion; the additional evidence was cumulative at best, or, at worst, reversibly prejudicial. Willowbrook had completed its defense and would have been compelled by the nature of the excluded testimony to refute the additional allegations.

It is true that Willowbrook's defense was based in large part on the contention that, by following its general policies and practices, Ms. Tucker received the care Willowbrook contracted to provide for her. But, in the case at bar, this did not "open the door" to require the trial court to allow *all* evidence of Willowbrook's actions since 1980. Although testimony showing that these policies were not followed regularly with respect to Ms. Tucker is proper rebuttal evidence in this case, testimony that Willowbrook mistreated and failed to care properly for other patients reasonably could be considered irrelevant, immaterial, collateral, highly prejudicial, and, perhaps, more in the nature of additional evidence rather than rebuttal evidence. *Cf. Gay*, 58 N.C. App. at 362-63, 283 S.E. 2d at 799.

We also find no abuse of discretion by the trial court in excluding the factual findings in the reports of the investigators for the Department of Human Resources. Hutton argues that the facts contained in the investigator's reports are admissible (1) as relevant and proper rebuttal testimony, and (2) because the investigations were conducted pursuant to authority granted by law. We find it unnecessary to address the second prong of this

---

1. For example, Ms. White was allowed to testify on rebuttal, over objection, that patients who called for assistance at night were not attended; that patients were sometimes only partially clothed; and that her father, a patient at Willowbrook, was allowed to remain with only his pajama top on. Ms. Peeples, a former Willowbrook nurse's aide, testified, often over objection, that there was a shortage of blankets; that patients, including Ms. Tucker, were left totally or partially unclothed with their doors open; that patients, including Ms. Tucker, were left cold and wet; that some employees would fail to change Ms. Tucker's bed when wet; and that some nights two employees were left to care for sixty patients. Ms. Fink, another former nurse's aide, testified over objection that Ms. Tucker was not given a water pitcher; that Ms. Tucker was left in wet sheets; that Ms. Tucker was left lying in her own feces; that nurse's aides cursed and mistreated Ms. Tucker; that call buzzers were placed where patients could not reach them; and that the center was understaffed.

argument because we conclude that the trial court did not abuse its discretion in excluding evidence from these reports as irrelevant and improper rebuttal. Nothing in the reports relates to Ms. Tucker. The problems at Willowbrook that are noted in the reports relate to the general conditions and practices at the facility. In light of our conclusion that Willowbrook did not open the door to the introduction of general evidence of problems at Willowbrook, we cannot say the trial court abused its discretion in excluding these reports as irrelevant, prejudicial or improper rebuttal evidence. After all, the trial court is in a better position to know whether such evidence offered during rebuttal would be unfair to the defendant. This was a private action grounded in negligence, not a public proceeding by the Department of Human Resources, and the plaintiff succeeded in putting before the jury a great deal of evidence regarding general conditions in relation to Ms. Tucker.

For the reasons set forth above, we find

No error.

Judges WEBB and MARTIN concur.