## DARWIN JACOB DENNIS v. RONNIE VONCANNON.

(Filed 12 January, 1968.)

**1. Negligence § 11—**

Where defendant relies upon contributory negligence, he is required specifically to plead in his answer the acts and omissions of plaintiff relied upon as constituting contributory negligence and to prove them at the trial. G.S. 1-139.

**2. Same—**

Contributory negligence is negligence on the part of plaintiff which concurs with the negligence of the defendant as alleged in the complaint, and contributory negligence does not negate negligence as alleged in the complaint but presupposes the existence of such negligence.

**3. Automobiles § 43— Answer negating allegations of complaint fails to raise issue of contributory negligence.**

Plaintiff's allegations were to the effect that he was driving in a southerly direction entirely on the shoulder of the northbound traffic lane when defendant's truck traveling in the northbound lane suddenly cut to the right and struck plaintiff's car. Defendant alleged in the answer that he was proceeding north in the righthand lane and that plaintiff was proceeding south in the opposite lane when plaintiff suddenly turned to his left, crossed the center line and into plaintiff's lane and struck defendant's truck on the shoulder of the northbound lane. *Held:* The answer is insufficient to support a finding of contributory negligence as a matter of law, since it does not allege any negligence on the part of plaintiff concurring with the negligence of defendant as alleged in the complaint.

**4. Automobiles § 53—**

Plaintiff's evidence tended to show that he was delivering newspapers in his automobile on the east side of a highway running in a north-south direction and that he was driving slowly in a southerly direction, entirely on the shoulder of the northbound lane, and that defendant's truck proceeding north in the northbound lane suddenly cut to the right and collided headon with plaintiff's car on the shoulder of the road. *Held:* Plaintiff's evidence was sufficient to go to the jury on the issue of defendant's negligence in causing the collision.

**5. Trial § 31—**

An instruction that the jury should answer an issue in a specified way if the jury should find the facts to be as the evidence tends to show is a peremptory instruction, and such instruction is improperly given where the evidence bearing on the issue is in conflict.

**6. Pleadings § 28—**

Defendant must make out his cross action *secundum allegata.*

**7. Trial § 33—**

An instruction to the jury relating to a factual situation of which there is no evidence is erroneous.

APPEAL by plaintiff from *McConnell, J.,* April 3, 1967 Civil Session of RANDOLPH.

Action and cross action growing out of a collision in Randolph County, N. C., at a point on U. S. Highway 220 between Asheboro and Seagrove, on November 25, 1966, between 5 and 6 a.m., involving a 1966 Volkswagen, owned and operated by plaintiff, and a 1959 Ford pickup truck, owned and operated by defendant.

The highway runs generally north-south. A paved portion, 24 feet wide, is divided into two lanes, the east lane for northbound traffic and the west for southbound traffic. The two lanes are divided by a broken white center line; and, in the area where the collision occurred, there was a solid yellow line along and on each side of said center line.

Along the east and west edges of said 24-foot paved portion constituting the traffic lanes, solid white lines separate the lanes for northbound and southbound traffic, respectively, from the east and west shoulders of the highway. The east shoulder, pertinent to this appeal, is fourteen feet wide, of which the five or six feet immediately adjoining the east line of the lane for northbound traffic is paved, and the remaining portion is sod.

The highway is "substantially level and curves slightly to the west" a short distance north of the scene of collision.

The weather was clear, the road was dry. It was dark, "necessitating the use of headlights."

Plaintiff's action and defendant's cross action are to recover for personal injuries and property damage, each alleging the negligence of the other was the sole proximate cause of the collision and its consequences.

In respect of plaintiff's action, the pleadings consist of the complaint and defendant's answer thereto, which includes a plea of contributory negligence. In respect of defendant's cross action, the pleadings consist of defendant's cross complaint and plaintiff's reply thereto,

which includes a plea treated by the court below as a plea of contributory negligence.

Evidence was offered by plaintiff and by defendant.

The factual situation described in plaintiff's allegations and evidence is as follows: Plaintiff was delivering newspapers in a rural section. He had delivered a paper to a customer whose box was on the east side of the highway. After depositing a paper in this box, he drove his Volkswagen, slowly, in a southerly direction on and along the east shoulder, partly on the paved portion thereof and partly on the sod portion thereof, a distance of approximately 250 feet en route to the box where he would next deliver a paper. Defendant's truck, with bright lights burning, which had been proceeding north in the lane for northbound traffic, suddenly "cut to the right," colliding "partially head-on" with plaintiff's Volkswagen *on said east shoulder.* Plaintiff alleged this factual situation as the basis for the cause of action alleged in the complaint and also as the basis for the affirmative plea asserted in his reply.

The factual situation described in defendant's allegations and evidence is as follows: Defendant was proceeding north in the lane for northbound traffic. Plaintiff was proceeding south in the lane for southbound traffic. When the vehicles were approximately 200 feet apart, plaintiff turned to his left, crossing the center line and into defendant's traffic lane, at an angle of approximately 45°. Defendant applied his brakes, cut to his right onto the east shoulder and had almost stopped when the left front of defendant's truck, which was then on the east shoulder, was struck by the front of the Volkswagen, the front portion of which was then on the east shoulder and the back portion in the lane for northbound traffic. Defendant alleged this factual situation as the basis of his plea of contributory negligence in respect of plaintiff's action and also as the basis for the cross action alleged in his cross complaint.

At the conclusion of *all* the evidence, the court, allowing defendant's motion therefor, entered judgment of involuntary nonsuit as to plaintiff's action.

With reference to defendant's cross action, the court submitted and the jury answered the following issues: "1. Was the defendant injured and damaged by the negligence of the plaintiff, as alleged in the answer? ANSWER: Yes. 2. If so, did the defendant, by his own negligence, contribute to his injuries and damages? ANSWER: No. 3. What amount, if any, is the defendant entitled to recover of the plaintiff for: (A) His personal injuries? ANSWER: $2,500. (B) Property damages? ANSWER: $800.00."

Judgment for defendant in accordance with the verdict was entered. Plaintiff appealed, assigning as error (1) the judgment non-

suiting his action, and (2) errors in the trial with reference to defendant's cross action.

*Hugh R. Anderson and John Randolph Ingram for plaintiff appellant.*
*Dock G. Smith, Jr. and Miller, Beck & O'Briant for defendant appellee.*

BOBBITT, J. We consider first whether plaintiff's action should have been nonsuited.

Plaintiff's evidence, in accord with his allegations, tends to show plaintiff's Volkswagen, with headlights dim, was moving slowly in a southerly direction, entirely on the east shoulder, one wheel on the paved portion of the shoulder and the other on the sod portion thereof, when defendant, who had been driving his truck in the lane for northbound traffic, turned to his right onto the east shoulder and there collided with plaintiff's Volkswagen; and that, when defendant turned from his traffic lane onto the east shoulder, no other traffic was then using either of the two traffic lanes.

In our view, this evidence, when considered in the light most favorable to plaintiff, was sufficient to support a finding that defendant was actionably negligent as alleged in the complaint.

The record shows the court, in allowing defendant's motion to nonsuit plaintiff's action, held "as a matter of law that the plaintiff is guilty of contributory negligence."

G.S. 1-139 provides: "In all actions to recover damages by reason of the negligence of the defendant, where contributory negligence is relied upon as a defense, it must be set up in the answer and proved on the trial." As stated by Ervin, J., in *Hunt v. Wooten*, 238 N.C. 42, 49, 76 S.E. 2d 326, 331: "The defendant must meet the two requirements of this statute to obtain the benefit of the affirmative defense of contributory negligence. The first requirement is that the defendant must specially plead in his answer an act or omission of the plaintiff constituting contributory negligence in law; and the second requirement is that the defendant must prove on the trial the act or omission of the plaintiff so pleaded."

Recently, Lake, J., in *Jackson v. McBride*, 270 N.C. 367, 372, 154 S.E. 2d 468, 471, speaking for this Court, said: "Contributory negligence, as its name implies, is negligence on the part of the plaintiff which joins, simultaneously or successively, with the negligence of the defendant alleged in the complaint to produce the injury of which the plaintiff complains. It does not negate negligence of the defendant as alleged in the complaint, but presupposes or concedes such negligence by him. Contributory negligence by the plaintiff 'can

exist only as a co-ordinate or counterpart' of negligence by the defendant as alleged in the complaint."

The factual situation on which defendant bases his plea of contributory negligence and the factual situation on which plaintiff bases his allegations as to defendant's actionable negligence are irreconcilably different. In plaintiff's action, the first issue raised by the pleadings was whether plaintiff was injured and his property damaged by the negligence of defendant *as alleged in the complaint.* Defendant alleges plaintiff was contributorily negligent in that the Volkswagen, while proceeding in the lane for southbound traffic, cut to its left across the center line and across the lane for northbound traffic, striking defendant's truck as it was attempting to evade the Volkswagen by pulling onto the east shoulder. Defendant's evidence, if accepted, would negate plaintiff's allegations and require that the first issue be answered, "No." If this first issue were answered, "Yes," such answer would establish that plaintiff was injured and damaged in the way and manner *alleged in the complaint;* and such answer would in turn negate the allegations on which defendant bases his plea of contributory negligence. In the factual situation here considered, as in *Jackson v. McBride, supra,* there was no basis for the submission of a contributory negligence issue in respect of plaintiff's action. Under these circumstances, it is manifest the ruling of the court in granting nonsuit on the ground plaintiff was guilty of contributory negligence as a matter of law was erroneous.

In the trial of plaintiff's action, if the jury should find that plaintiff was injured and his property damaged by the negligence of defendant *as alleged in the complaint,* such finding would preclude defendant from recovery on his cross action. *Nicholson v. Dean,* 267 N.C. 375, 148 S.E. 2d 247. The jury would not reach the issues in defendant's cross action unless it answered, "No," the issue as to whether plaintiff was injured and his property damaged by the negligence of defendant *as alleged in the complaint.* If and when the cross action is reached, there would seem to be no basis for submission of a contributory negligence issue.

The foregoing requires reversal of the nonsuit of plaintiff's action. Error in this respect, on account of the interrelation of plaintiff's action and defendant's cross action, would seem sufficient to require that there be a new trial of defendant's cross action. Be that as it may, the error in the charge discussed below requires that such new trial be awarded.

The issues submitted to and answered by the jury relate solely to defendant's cross action. The first of these issues was as follows: "Was the defendant injured and damaged by the negligence of the

plaintiff, *as alleged in the answer?*" (Our italics.) With reference thereto, the court instructed the jury as follows: "I charge you on this first issue that if you find the facts to be as the evidence tends to show, and believe the testimony of these witnesses; that is, *if you find that the plaintiff, operated his motor vehicle at nighttime proceeding in a southerly direction with one wheel on the east side of the highway, facing traffic going north, and one wheel was on the pavement just east of the line designating the lanes of traffic;* or if you find that the plaintiff drove his car across the center line for traffic and over into the northbound lane and then over off of the road where the defendant contends he had pulled over, and that the cars collided there in that manner, if you find that the plaintiff failed to exercise due care in that respect; or if you find that he failed to keep a proper lookout, or if you find that he failed to keep his car under proper control, or drove his car across the center line, *or drove his car some two hundred feet facing traffic, with one wheel on the pavement;* if you believe the testimony of the witnesses and find the facts to be as the evidence tends to show, it would be your duty to answer the first issue, Yes. That is, that the defendant was injured and damaged by the negligence of the plaintiff, *as alleged in the answer.*" (Our italics.)

Immediately following the quoted portion of the charge, to which plaintiff excepted, the court instructed the jury as follows: "Now, if you fail to so find, or if you don't believe the testimony of the witnesses, it will be your duty to answer the first issue, 'No.' That is, that the defendant was not injured and damaged by the negligence of the plaintiff, *as alleged in the answer.*" (Our italics.)

The portions of the challenged instruction, (1) "if you find the facts to be as the evidence tends to show, and believe the testimony of these witnesses," and (2) "if you believe the testimony of the witnesses and find the facts to be as the evidence tends to show," are in words and phrases appropriate to a peremptory instruction. 2 McIntosh, North Carolina Practice and Procedure, Second Edition, § 1516, 1964 pocket parts (Phillips). "The rule is that where the evidence bearing upon an issue is susceptible of diverse inferences, it is improper for the presiding judge to give the jury a peremptory instruction." *Gouldin v. Insurance Co.,* 248 N.C. 161, 168, 102 S.E. 2d 846, 851. Here, the evidence for plaintiff and the evidence for defendant is *in direct conflict.*

It is noted that the portions of the instruction quoted in the preceding paragraph refer to "these witnesses" and "the witnesses." Presumably, the reference is to all witnesses. No distinction is made between plaintiff's and defendant's witnesses. Moreover, no distinc-

tion is made between what plaintiff's evidence tends to show and what defendant's evidence tends to show.

The instruction includes, as a basis for an affirmative answer to the first issue, factual predicates, *e.g.,* "if you find that the plaintiff, operated his motor vehicle at nighttime proceeding in a southerly direction with one wheel on the east side of the highway, facing traffic going north, and one wheel on the pavement just east of the line designating the lanes of traffic," or if you find that plaintiff "drove his car some two hundred feet facing traffic, with one wheel on the pavement," which are neither alleged by defendant nor supported by his evidence.

These legal principles are applicable: (1) Defendant must make out his cross action *secundum allegata.* 3 Strong, N. C. Index, Pleadings § 28. (2) An instruction relating to a factual situation of which there is no evidence is erroneous. *McGinnis v. Robinson,* 252 N.C. 574, 578, 114 S.E. 2d 365, 368, and cases cited.

In the respects indicated, the challenged portions of the charge are erroneous and deemed sufficiently prejudicial to entitle plaintiff to a new trial.

*Re* plaintiff's action:   Judgment of nonsuit reversed.

*Re* defendant's action:   New trial.