JOSEPH DANIEL GAY AND MARILYNN F. GAY v. REESE B. WALTER

No. 818SC126

(Filed 21 September 1982)

**Automobiles and Other Vehicles § 88.5— instruction on violation of left turn statute improper**

In an action arising from an automobile accident in which defendant's evidence tended to show that as defendant approached the intersection, plaintiff's car, which was parked at the curb in the right lane, suddenly turned left in front of defendant, and plaintiff's evidence tended to show that the driver of plaintiff's car was approaching the intersection in the right-hand lane, intending to turn left at the intersection, it was error for the trial court to instruct on G.S. § 20-153(b), the statute dealing with left turns at intersections.

APPEAL by plaintiffs from *Llewellyn, Judge.* Judgment entered 18 September 1980 in Superior Court, LENOIR County. Heard in the Court of Appeals 14 September 1981. Reheard 14 September 1982.

Plaintiffs appealed from judgment entered on a jury verdict of contributory negligence in their action to recover for property damage and personal injuries caused by a collision between plaintiffs' and defendant's automobiles at a street intersection in the city of Kinston.

In our initial opinion, filed 3 November 1981 and reported at 58 N.C. App. 360, 283 S.E. 2d 797 (1981), we found no error in the trial. We allowed plaintiffs' petition to rehear.

*White, Allen, Hooten, Hodges & Hines, P.A., by John M. Martin, for plaintiff-appellants.*

*Jeffress, Morris, Rochelle & Duke, P.A., by Thomas H. Morris, for defendant-appellee.*

WELLS, Judge.

In their petition to rehear, plaintiffs contend that we erred in finding no error in the trial court's jury instructions on the application to G.S. 20-153(b) to the facts of this case. We agree with plaintiffs' argument and award a new trial. The evidence, as summarized in our previous opinion, showed that the collision between plaintiffs' and defendant's automobiles occurred on a two-lane street in Kinston, near an intersection. Both cars were going in the same direction. Plaintiffs' evidence tended to show that the driver of plaintiffs' car was approaching the intersection in the right-hand lane, intending to turn left at the intersection. Defendant's evidence tended to show that as defendant approached the intersection, plaintiffs' car, which was parked at the curb in the right lane, suddenly turned left in front of defendant and that defendant could not avoid colliding with plaintiffs' car. The sole issue we now address is whether under this evidence, an instruction on the requirements of G.S. 20-153(b) is appropriate.[1]

While subsection (a) of the Statute speaks in terms describing a portion of a roadway: "right-hand curb or edge", Subsection (b) speaks in terms of the "left-hand lane". The logical driver might expect another driver preparing to turn left at an intersec-

---

1. G.S. § 20-153. Turning at intersections.—(a) Right Turns.—Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway.

(b) Left Turns.—The driver of a vehicle intending to turn left at any intersection shall approach the intersection in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle, and, after entering the intersection, the left turn shall be made so as to leave the intersection in a lane lawfully available to traffic moving in such direction upon the roadway being entered. Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection.

tion on a two-lane street to approach the intersection in the portion of the roadway nearest the center line on the left, but this is not what the Statute says. The Statute as now worded, and as it apparently has been since 1955, makes no distinction between two-lane or more than two-lane roadways.

It was error for the trial court to give an instruction on the requirements of G.S. 20-153(b) in this case. For this error there must be a new trial. In all other respects, our previous opinion is affirmed.

New trial.

Chief Judge MORRIS and Judge WHICHARD concur.