BLANKLEY v. MARTIN

[101 N.C. App. 175 (1990)]

IV

———————————

JAMES HARTLEY BLANKLEY, JR. v. RALPH MARTIN

No. 9023SC387

(Filed 18 December 1990)

**Automobiles and Other Vehicles § 595 (NCI4th) — turning — collision between vehicles going same direction — failure of plaintiff to meet statutory duty of signaling — contributory negligence properly submitted to jury**

In a negligence action arising from an automobile accident, the trial court did not err in submitting to the jury an issue concerning plaintiff's contributory negligence where plaintiff's van was stopped in the highway waiting to make a left turn when it was struck by defendant's following vehicle; plaintiff was required pursuant to N.C.G.S. § 20-154 to determine that his turn could be made in safety and to give a turn signal for at least 200 feet before his intended turning point; plaintiff's own testimony that he gave a signal for 150 feet was some evidence that he did not meet his statutory duties; and it was thus for the jury to decide if plaintiff violated the statute in any respect, and, if so, whether the violation, when considered with all the other evidence, showed plaintiff to have been contributorily negligent and whether plaintiff's negligence proximately caused or contributed to his injuries.

**Am Jur 2d, Automobiles and Highway Traffic §§ 851, 852, 882, 890, 891.**

BLANKLEY v. MARTIN

[101 N.C. App. 175 (1990)]

**Liability for accident arising from failure of motorist to give signal for left turn at intersection as against motor vehicle proceeding in same direction. 39 ALR2d 13.**

APPEAL by plaintiff from judgment filed 8 December 1989 by *Judge Julius A. Rousseau, Jr.*, in WILKES County Superior Court. Heard in the Court of Appeals 25 October 1990.

*Franklin Smith for plaintiff-appellant.*

*Moore, Willardson & Lipscomb, by John S. Willardson, for defendant-appellee.*

GREENE, Judge.

The plaintiff appeals from a judgment filed on 8 December 1989 based upon a jury verdict finding the plaintiff to have been contributorially negligent in the events leading up to a car wreck between the plaintiff and the defendant.

The plaintiff filed this negligence action against the defendant on 25 February 1988. The defendant admitted his own negligence but argued that the plaintiff was contributorially negligent. This case came on for trial before a jury on 27 November 1989. The plaintiff presented the following evidence: On the morning of 7 December 1987, the defendant was driving south on U.S. 21 Business in Elkin, North Carolina. The plaintiff was also driving south on U.S. 21 Business, driving a delivery van to make his usual deliveries for his employer, White Swan Uniform Rental. Both the plaintiff and the defendant had entered U.S. 21 Business from another adjoining highway. The speed limit on U.S. 21 Business was 45 miles per hour. At the time of the accident, the plaintiff was headed to a business known as the Video Connection to make a delivery. To get to the Video Connection, the plaintiff had to make a left turn off of U.S. 21 Business. The plaintiff began to apply his brakes at or just after passing an intersection located approximately one-quarter to one-third of a mile before the necessary turning point thereby making a safe, slow stop. This turning point was located at the bottom of a hill on U.S. 21 Business. The plaintiff testified that he gave a left turn signal for approximately 150 feet before the necessary turning point, and that his turn signal lights were very large and in working order. After coming to a complete stop on the flat part at the bottom of the hill, the plaintiff waited for oncoming, northbound traffic to pass before making the left

turn. He had waited for three or four seconds at the bottom of the hill when from the rear he heard the sound of screeching tires. After the defendant's car skidded for approximately sixty feet, it collided with the back of the plaintiff's stopped van causing the plaintiff to suffer head, neck, and back injuries. According to the plaintiff, the defendant drove negligently in that during clear driving conditions the defendant drove over the speed limit, failed to keep a proper lookout, failed to see the plaintiff's stopped van in front of him, and subsequently ran into the plaintiff's van.

The defendant's evidence shows that at some point before the collision, the defendant had been driving in front of the plaintiff. The defendant testified that as he was traveling south on U.S. 21 Business at 45 miles per hour, the plaintiff pulled out and passed him at a speed in excess of 45 miles per hour. The plaintiff testified that he passed the defendant on a section of the highway which was temporarily a two-lane road going south, and that he passed the defendant at a speed in excess of 30 miles per hour. According to the defendant's estimate, the plaintiff passed the defendant approximately 250 yards before the intersection on U.S. 21 Business, the same intersection at or just after which the plaintiff first began applying his brakes. Not long after the plaintiff had passed the defendant and reentered the southbound lane of the highway, the defendant passed the intersection, checking both to his left and right for approaching traffic. Soon after the defendant had passed by the intersection, the plaintiff suddenly stopped thereby giving the defendant an insufficient amount of time to stop safely. The defendant realized that the plaintiff had stopped when he was approximately seventy-five to ninety feet from the plaintiff's stopped van. Though the defendant did not remember seeing a turn signal from the plaintiff's van at any point between the intersection and the place of the accident, he did notice the plaintiff's brake lights. He also observed the back end of the plaintiff's van lift up when it stopped. The defendant applied his brakes and skidded into the rear of the plaintiff's van.

At the end of the evidence, the defendant argued that only the issues of the plaintiff's contributory negligence and damages should be submitted to the jury. The plaintiff argued that the issue of contributory negligence should not be submitted to the jury because the defendant did not produce evidence of the plaintiff's alleged negligence. The trial court submitted both issues to the jury. The jury found that the plaintiff was contributorially

BLANKLEY v. MARTIN

[101 N.C. App. 175 (1990)]

negligent and awarded no damages. The plaintiff made two post-trial motions which the trial court denied.

We note initially that the plaintiff has abandoned the three assignments of error supporting his three arguments on this appeal. "Each assignment of error shall . . . state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C.R. App. P. 10(c)(1). Because the plaintiff's assignments of error do not state the legal basis upon which error is assigned, they are deemed abandoned. However, pursuant to N.C.R. App. P. 2, we have chosen to address the merits of the plaintiff's argument concerning the allegedly erroneous submission of the issue of contributory negligence to the jury. Because our resolution of this argument renders moot the plaintiff's third argument, we refuse to address the third argument.

The issue is whether the trial court erred in submitting the issue of the plaintiff's contributory negligence to the jury where the evidence showed that the plaintiff violated N.C.G.S. § 20-154 (1989).

The burden of proving the plaintiff's contributory negligence rests with the defendant. *Wentz v. Unifi, Inc.,* 89 N.C. App. 33, 38, 365 S.E.2d 198, 201, *disc. rev. denied,* 322 N.C. 610, 370 S.E.2d 257 (1988). The defendant "has the burden of proving by the greater weight of the evidence that plaintiff's negligence was one of the proximate causes of his injury or damages." *Clark v. Bodycombe,* 289 N.C. 246, 253, 221 S.E.2d 506, 511 (1976). "[T]he defendant is entitled to have the issue submitted to the jury if all the evidence and reasonable inferences drawn therefrom and viewed in the light most favorable to defendant tend to establish or suggest contributory negligence." *Wentz,* 89 N.C. App. at 38, 365 S.E.2d at 201. " 'If there is more than a scintilla of evidence, contributory negligence is for the jury.' " *Tatum v. Tatum,* 79 N.C. App. 605, 607, 339 S.E.2d 817, 818, *modified and aff'd,* 318 N.C. 407, 348 S.E.2d 813 (1986) (citation omitted).

From the record, it appears that the primary reason the trial court submitted the issue of contributory negligence to the jury was based upon the plaintiff's own testimony suggesting that he had not complied with N.C.G.S. § 20-154. The statute provides as follows:

BLANKLEY v. MARTIN

[101 N.C. App. 175 (1990)]

(a) The driver of any vehicle upon a highway or public vehicular area before starting, stopping or turning from a direct line shall first see that such movement can be made in safety, . . . and whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this section, plainly visible to the driver of such other vehicle, of the intention to make such movement. . . .

(b) The signal herein required shall be given by means of the hand and arm in the manner herein specified, or by any mechanical or electrical signal device approved by the Division, . . .

. . . .

All hand and arm signals shall be given from the left side of the vehicle and all signals shall be maintained or given continuously for the last 100 feet traveled prior to stopping or making a turn. Provided, that in all areas where the speed limit is 45 miles per hour or higher and the operator intends to turn from a direct line of travel, a signal of intention to turn from a direct line of travel shall be given continuously during the last 200 feet traveled before turning.

. . . .

(d) A violation of this section shall not constitute negligence per se.

"The manifest purpose of G.S. 20-154 is to promote safety in the operation of automobiles on the highways, and not to obstruct vehicular traffic. This safety statute must be given a reasonable and realistic interpretation to effect the legislative purpose." *Farmers Oil Co. v. Miller*, 264 N.C. 101, 106, 141 S.E.2d 41, 44 (1965). Additionally, the purpose behind the signaling requirements of N.C.G.S. § 20-154(b) is to afford the driver of a following vehicle a turn signal, "maintained for a sufficient distance and length of time to enable the driver of the following vehicle to observe it and to understand therefrom what movement is intended" by the driver ahead of him. *Id.*

Generally, this statute requires two things of a driver who intends to turn from a direct line of travel. First, the driver must "see that the movement can be made in safety." *Clarke v. Holman*, 274 N.C. 425, 429, 163 S.E.2d 783, 786 (1968). Second, the driver must "give the required signal when the operation of any other

vehicle may be affected." *Id.* (emphasis omitted). As we have recently elaborated, N.C.G.S. § 20-154(a)

> is designed to impose upon a driver the legal duty to exercise
> reasonable care under the circumstances in ascertaining that
> his movement can be made with safety to himself and others
> before he actually undertakes the movement. . . . It does not
> mean that a motorist may not make a turn on a highway
> unless the circumstances render such turning absolutely free
> from danger. The duty to signal is imposed only where the
> surrounding circumstances afford the driver reasonable grounds
> for apprehending his turn might affect the operation of another
> vehicle.

*Sass v. Thomas,* 90 N.C. App. 719, 722-23, 370 S.E.2d 73, 75 (1988) (citation omitted). While a driver's failure to meet the statutory requirements is not negligence per se, it must be considered along with all the other facts and circumstances as evidence of the driver's alleged contributory negligence.

> Since a violation of G.S. 20-154 is no longer to be considered
> negligence *per se*, the jury, if they find as a fact the statute
> was violated, must consider the violation along with all other
> facts and circumstances and decide whether, when so considered,
> the violator has breached his common law duty of exercising
> ordinary care.

*Kinney v. Goley,* 4 N.C. App. 325, 332, 167 S.E.2d 97, 102 (1969) (We note that this case was decided after the 1965 amendment to N.C.G.S. § 20-154(b), which amendment stated that a "violation of this Section shall not constitute negligence per se." While this added proviso was deleted in 1981, the 1973 amendment to N.C.G.S. § 20-154 added subsection (d), which subsection is identical to the deleted proviso of subsection (b) and which subsection applies equally to all of N.C.G.S. § 20-154.); *see also Spruill v. Summerlin,* 51 N.C. App. 452, 276 S.E.2d 736 (1981) (decided before the effective date of the 1981 amendment).

On direct examination, the plaintiff testified that he began to give his turn signal 150 feet before his intended point of turning off of U.S. 21 Business. Based upon N.C.G.S. § 20-154(a) and (b), because the speed limit on this highway was 45 miles per hour, and because the plaintiff was intending to turn from a direct line, the plaintiff had the duties to determine that his turn could be

made in safety and to give a turn signal for at least 200 feet before his intended turning point if the surrounding circumstances gave him reasonable grounds for apprehending that his turning off of the highway might affect the operation of the defendant's vehicle. Whether the plaintiff met these duties is a question of fact for the jury. As there is some evidence that the plaintiff did not meet these duties, we are not prepared to say as a matter of law that the plaintiff was not contributorially negligent. Therefore, the trial court properly submitted the issue of the plaintiff's contributory negligence to the jury, thus allowing the jury to decide whether the plaintiff violated the statute in any respect, and if so, whether the violation, when considered with all the other evidence, shows the plaintiff to have been contributorially negligent, *Kinney*, and if so, whether the plaintiff's "negligence proximately caused or contributed to" his injuries. *White v. Lacey*, 245 N.C. 364, 368, 96 S.E.2d 1, 4 (1957).

No error.

Judges ORR and DUNCAN concur.

Judge DUNCAN concurred in this opinion prior to 30 November 1990.