ANNETTE GREEN, PLAINTIFF v. JOHN ROUSE, DEFENDANT

No. 949SC85

(Filed 18 October 1994)

**Automobiles and Other Vehicles § 644 (NCI4th)— automobile accident—plaintiff driving while impaired—sufficiency of evidence of contributory negligence**

In an action to recover for injuries sustained in an automobile accident, evidence of plaintiff's contributory negligence was sufficient to be submitted to the jury where it tended to show that plaintiff's blood alcohol level was .18% shortly after the collision, and the jury could properly consider such evidence while ascertaining whether plaintiff's condition caused her to operate her vehicle in a manner which was a proximate cause of the collision and whether plaintiff was capable of coping with highway and weather conditions in the manner of the reasonably prudent person.

**Am Jur 2d, Automobiles and Highway Traffic § 422.**

Appeal by plaintiff from order entered 15 November 1993 by Judge E. Lynn Johnson in Franklin County Superior Court. Heard in the Court of Appeals 3 October 1994.

**GREEN v. ROUSE**

[116 N.C. App. 647 (1994)]

*Robert A. Miller, P.A., by Robert A. Miller, for plaintiff-appellant.*

*Smith & Holmes, P.C., by Robert E. Smith, for defendant-appellee.*

JOHNSON, Judge.

Plaintiff Annette Green brought a personal injury action against defendant John Rouse, alleging that defendant's negligence proximately caused injuries sustained by plaintiff in an automobile accident occurring on 5 May 1990.

Evidence presented at trial showed the following: Plaintiff was operating a motor vehicle in a southerly direction on N.C. 39 at approximately 6:45 p.m. Plaintiff had a passenger in the front seat, and plaintiff's daughter and another occupant were in the back seat. It had been raining heavily off and on. Plaintiff was operating her vehicle at approximately forty-eight miles per hour in a fifty-five mile per hour zone, and at all times up until the moment of the collision stayed within her lane. Defendant was operating a motor vehicle in a northerly direction on N.C. 39. Plaintiff observed defendant's vehicle as it came out of a curve, approaching her from the opposite direction. After defendant's vehicle came out of the curve, defendant's vehicle crossed the centerline into plaintiff's lane of travel; at this time, it was raining. Plaintiff recalled that once defendant crossed the yellow centerline, she said, "[Y]ou all sit back, this fool is going to hit me." Plaintiff testified that she "went as far as [she] could get over" and "tried to get out [sic] the way" and that she was not sure if she went on the shoulder of the road because the collision happened so quickly, noting also that she believed there was a ditch on the side of the road. The vehicles collided. An investigating officer determined that the point of impact was approximately one foot within the lane of plaintiff's lane of travel and that defendant's vehicle was, at the point of impact, between one foot and eighteen (18) inches across the centerline. Plaintiff's vehicle spun 180 degrees and traveled a total of thirty-eight feet from the point of impact. Defendant's vehicle spun somewhat less than 180 degrees and traveled thirty-one feet from the point of impact. The width of N.C. 39 is twenty-four feet and there was a fourteen foot shoulder on either side of the highway. There were no visible tire marks on the roadway before the impact. Each vehicle was damaged on the left front from the impact. Plaintiff introduced evidence of her injuries which were a result of this accident.

GREEN v. ROUSE

[116 N.C. App. 647 (1994)]

The investigating officer found beer cans in plaintiff's front seat and plaintiff had a blood alcohol level of 0.18% when a blood sample was taken at the hospital two hours after the accident. Based upon the officer's observations of plaintiff and his interview of her, he was of the opinion that she had consumed a sufficient quantity of an impairing substance to appreciably impair both her mental and her physical faculties. In his opinion, the effects of alcohol were obvious and plaintiff was unfit to drive.

At the close of defendant's evidence, plaintiff moved for a directed verdict on the issue of negligence, which the trial court granted. Defendant moved for a directed verdict on the issue of plaintiff's contributory negligence, which the trial court denied. The case was submitted to the jury on the issue of contributory negligence and damages. Plaintiff's attorney objected to the jury instruction on contributory negligence as it related to driving while impaired; the trial court declined to revise the jury instruction. The jury returned a verdict finding plaintiff contributorily negligent. Subsequently, plaintiff filed N.C.R. Civ. P. 50 and 59 motions, which were denied. Plaintiff filed notice of appeal to our Court.

Plaintiff argues on appeal that plaintiff was entitled to a directed verdict on the issue of contributory negligence and to a new trial pursuant to plaintiff's N.C.R. Civ. P. 50 and 59 motions. Plaintiff notes that this action was submitted to the jury on the issue of contributory negligence based upon three grounds: that plaintiff (1) failed to keep a reasonable lookout; (2) failed to keep her vehicle under proper control; and (3) operated her motor vehicle while impaired. Plaintiff argues that none of these grounds were the proximate cause of the collision.

Relevant to the instant case is our Supreme Court's analysis of contributory negligence in this context in *Atkins v. Moye*, 277 N.C. 179, 176 S.E.2d 789 (1970):

Unquestionably a motorist is guilty of negligence if he operates a motor vehicle on the highway while under the influence of intoxicating liquor. Such conduct, however, will not constitute either actionable negligence or contributory negligence unless—like any other negligence—it is causally related to the accident. Mere proof that a motorist involved in a collision was under the influence of an intoxicant at the time does not establish a causal relation between his condition and the collision. His condition must have caused him to violate a rule of the road and to operate his

vehicle in a manner which was a proximate cause of the collision. (Citations omitted.)

*Id.* at 186, 176 S.E.2d at 794.

The evidence that plaintiff in the instant case was operating her motor vehicle while impaired was a

pertinent circumstance for the jury to consider, not as conclusively establishing [her] negligence as a proximate cause of the collision if [she] was under the influence, but in determining whether [she] was capable of keeping a proper lookout, of maintaining proper control over [her] automobile, and of coping with highway and weather conditions in the manner of the reasonably prudent person. (Citations omitted.)

*Id.* at 187, 176 S.E.2d at 794-95.

In *Bosley v. Alexander*, 114 N.C. App. 470, 442 S.E.2d 82 (1994), Judge Wynn undertook an analysis of our State's doctrine of contributory negligence:

Contributory negligence is "negligence on the part of the plaintiff which joins, simultaneously or successively, with the negligence of the defendant . . . to produce the injury of which the plaintiff complains." *Jackson v. McBride*, 270 N.C. 367, 372, 154 S.E.2d 468, 471 (1967). The defendant bears the burden of proving that certain acts or conduct of the plaintiff constituted contributory negligence. [*Atkins;*] *Mims v. Dixon*, 272 N.C. 256, 158 S.E.2d 91 (1967). The defendant must prove by the greater weight of the evidence that the plaintiff's negligence was one of the proximate causes of his injury or damages. *Clark v. Bodycombe*, 289 N.C. 246, 221 S.E.2d 506 (1976). The issue of contributory negligence should be submitted to the jury if all the evidence and reasonable inferences drawn therefrom viewed in the light most favorable to the defendant tend to establish or suggest contributory negligence. *Wentz v. Unifi*, 89 N.C. App. 33, 365 S.E.2d 198, *disc. review denied*, 322 N.C. 610, 370 S.E.2d 257 (1988). "If there is more than a scintilla of evidence, contributory negligence is for the jury." *Blankley v. Martin*, 101 N.C. App. 175, 178, 398 S.E.2d 606, 608 (1990) (*quoting Tatum v. Tatum*, 79 N.C. App. 605, 607, 339 S.E.2d 817, 818, *modified and aff'd*, 318 N.C. 407, 348 S.E.2d 813 (1986)).

*Bosley* at 472, 442 S.E.2d at 83.

The issue of plaintiff's contributory negligence should have been submitted to the jury if all the evidence and reasonable inferences drawn therefrom viewed in the light most favorable to defendant tended to establish or suggest contributory negligence. We find that defendant has met this burden by producing evidence that not only was plaintiff driving while impaired at a blood alcohol level registered to be 0.18% shortly after the collision, but that plaintiff may have had a blood alcohol level as high as 0.20% at the time of the collision. The jury could properly consider such evidence while ascertaining whether plaintiff's condition caused her to "operate [her] vehicle in a manner which was a proximate cause of the collision" and whether plaintiff was capable of "coping with highway and weather conditions in the manner of the reasonably prudent person." We find there was "more than a scintilla of evidence" on the issue of contributory negligence and that the issue was properly submitted to the jury.

No error.

Judges MARTIN and THOMPSON concur.