DILLON, Judge.
 

 *531
 
 I. Background
 

 William L. Daisy ("Plaintiff") and Beulah Lester Yost ("Defendant") were involved in an automobile collision in Greensboro. The uncontested evidence at trial established that the collision occurred as follows: Plaintiff was approaching an intersection at the posted speed limit intending to continue straight. Defendant was approaching the same intersection from the opposite direction intending to make a left-hand turn across Plaintiff's lane of travel.
 

 When Plaintiff arrived at the intersection, his light had turned from green to yellow. When Defendant arrived at the intersection in her left turn lane, her light had turned from a flashing yellow arrow to a solid yellow arrow. As Plaintiff proceeded
 
 straight through the intersection
 
 , Defendant made a left turn across Plaintiff's lane of travel, causing the front of Defendant's turning vehicle
 
 *366
 
 to strike the side of Plaintiff's vehicle, pushing it into a light post at the corner of the intersection.
 

 Plaintiff commenced this action against Defendant seeking compensatory damages for personal injuries and property damage resulting from the collision.
 
 [1]
 
 Plaintiff moved for a directed verdict on the issue of contributory negligence. The trial court denied the motion and submitted the issue to the jury. The jury returned a verdict finding that (1) the collision was proximately caused by the negligence of Defendant, but that (2) Plaintiff was contributorily negligent in causing the collision. Based on the jury's verdict, the trial court entered judgment for Defendant. Plaintiff subsequently filed a motion for judgment notwithstanding the verdict ("JNOV"), and alternatively, motion for a new trial. The trial court denied Plaintiff's motion, and Plaintiff timely appealed.
 

 II. Analysis
 

 On appeal, Plaintiff makes a number of arguments, including the argument that there was no evidence to support the jury instruction on the issue of Plaintiff's contributory negligence. We conclude that the evidence presented at trial was not sufficient to warrant a jury instruction
 
 *532
 
 on the issue of contributory negligence and therefore reverse the ruling of the trial court on this issue. Based on this conclusion, we need not address Plaintiff's remaining arguments.
 

 Contributory negligence is defined as "negligence on the part of the plaintiff which joins, simultaneously or successively, with the negligence of the defendant alleged in the complaint to produce the injury of which the plaintiff complains."
 
 Jackson v. McBride
 
 ,
 
 270 N.C. 367
 
 , 372,
 
 154 S.E.2d 468
 
 , 471 (1967).
 

 With respect to contributory negligence as a matter of law, "[t]he general rule is that a directed verdict for [the moving party] on the ground of contributory negligence may only be granted when the evidence taken in the light most favorable to [the non-moving party] establishes the [non-moving party's] negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom."
 
 Clark v. Bodycombe
 
 ,
 
 289 N.C. 246
 
 , 251,
 
 221 S.E.2d 506
 
 , 510 (1976). "If there is more than a scintilla of evidence supporting each element of the nonmovant's case, the motion for directed verdict should be denied."
 
 Whisnant v. Herrera
 
 ,
 
 166 N.C.App. 719
 
 , 722,
 
 603 S.E.2d 847
 
 , 850 (2004). The non-moving party must be given "the benefit of every inference which may reasonably be drawn in [her] favor."
 
 Hicks v. Food Lion, Inc.
 
 ,
 
 94 N.C.App. 85
 
 , 88,
 
 379 S.E.2d 677
 
 , 679 (1989).
 

 In order to prove contributory negligence on the part of a plaintiff, the defendant must demonstrate: "(1) [a] want of due care on the part of the plaintiff; and (2) a proximate connection between the plaintiff's negligence and the injury."
 
 West Constr. Co. v. Atlantic Coast Line R.R. Co.
 
 ,
 
 184 N.C. 179
 
 , 180,
 
 113 S.E. 672
 
 , 673 (1922).
 
 [2]
 
 A plaintiff may move for a directed verdict on the issue of contributory negligence at the close of all the evidence.
 
 Hawley v. Cash
 
 ,
 
 155 N.C.App. 580
 
 , 583,
 
 574 S.E.2d 684
 
 , 686 (2002). Here, the motion should have been granted if there was not "more than a scintilla of evidence" supporting each element of Defendant's claim that Plaintiff was contributorily negligent.
 
 Id
 
 .
 

 In the present case, we conclude that there was not more than a scintilla of evidence that Plaintiff was contributorily negligent in causing the collision. Plaintiff testified that he was approximately one-hundred (100) feet from the center of the intersection and traveling at the posted speed limit of thirty-five (35) miles per hour when he first noticed
 
 *533
 
 Defendant's vehicle and when his traffic signal changed from green to yellow. After determining that he could not safely bring his vehicle to a stop before the light turned red, Plaintiff proceeded through the intersection at thirty-five (35) miles per hour while his light was still yellow.
 
 *367
 
 Defendant did not put on any evidence. On appeal, Defendant points to the testimony of a witness who was at the accident scene, who stated on cross-examination that "it seemed like [Plaintiff] was going fast" as evidence of Plaintiff's negligence. However, this witness actually testified that she was not looking at the intersection prior to the collision and "didn't see [Plaintiff's] car driving" or "going into the intersection." The witness's statement regarding Plaintiff's speed was solely in reference to "the way [Plaintiff's] car bounced off [the light post]"
 
 after
 
 Defendant's car had collided with Plaintiff's car. We conclude that the testimony of this witness does not amount to "more than a scintilla" of evidence showing that Plaintiff was contributorily negligent in causing the collision. Even viewed in a light most favorable to Defendant,
 
 Green v. Rouse
 
 ,
 
 116 N.C.App. 647
 
 , 650,
 
 448 S.E.2d 846
 
 , 847 (1994), the evidence fails to raise even a "mere conjecture" of contributory negligence on the part of Plaintiff.
 
 See
 

 Jones v. Holt
 
 ,
 
 268 N.C. 381
 
 , 384,
 
 150 S.E.2d 759
 
 , 762 (1966) (holding that if the evidence "merely raises a conjecture" of contributory negligence, the issue must not be submitted to the jury).
 

 In addition,
 
 N.C. Gen. Stat. § 20-155
 
 (b) provides that "[t]he driver of a vehicle intending to turn to the left within an intersection ... shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard."
 
 N.C. Gen. Stat. § 20-155
 
 (b) (2015). While Plaintiff certainly had a duty to drive no faster than was safe under the circumstances, to keep his vehicle under control, to maintain a reasonably careful lookout, and to take reasonably prudent steps to avoid a collision, "he [was] entitled to assume, even to the last moment," that Defendant, "[would] comply with the law ... before entering [Plaintiff's lane of travel]."
 
 Snider v. Dickens
 
 ,
 
 293 N.C. 356
 
 , 358,
 
 237 S.E.2d 832
 
 , 834 (1977) ;
 
 see also
 

 Penland v. Greene
 
 ,
 
 289 N.C. 281
 
 , 283,
 
 221 S.E.2d 365
 
 , 368 (1976) (holding that a person has no duty to anticipate negligence on the part of others and "has the right to assume and to act on the assumption that others will observe the rules of the road and obey the law"). The right to rely on this assumption, though, is not absolute.
 

 Id.
 

 Where circumstances which exist at the time are such that a reasonable person would be on notice that he cannot rely on the assumption that other drivers would yield to his right of way, he is under a duty "to exercise that care which a reasonably careful and prudent person would exercise under
 
 *534
 
 all the circumstances then existing."
 

 Id.
 

 However, here, there is nothing in the record which suggests that Plaintiff failed to act reasonably in assuming that Defendant would yield and would not turn her vehicle into his path after he entered the intersection.
 

 In conclusion, we find that the evidence at trial was not sufficient to show that Plaintiff was contributorily negligent in causing the collision. Plaintiff's motion for directed verdict should have been granted and the issue of contributory negligence should not have been submitted to the jury. Therefore, we reverse the judgment of the trial court. Further, because the jury determined that Defendant was negligent in causing Plaintiff's damages, we direct the trial court on remand to enter judgment in favor of Plaintiff for the amount of damages already stipulated to by the parties.
 

 REVERSED AND REMANDED.
 

 Judges BRYANT and STEPHENS concur.
 

 [1]
 

 Because the parties stipulated to the amount of damages prior to trial, this issue was not submitted for determination by the jury.
 

 [2]
 

 Because contributory negligence is an affirmative defense, the burden of proof on the issue of contributory negligence rests with the defendant.
 
 Clary v. Alexander County Bd. Of Ed.
 
 ,
 
 286 N.C. 525
 
 , 532,
 
 212 S.E.2d 160
 
 , 165 (1975).