BANK OF NORTH CAROLINA, N.A. v. INVESTORS TITLE INSURANCE COMPANY v. B. R. DORSETT AND WIFE, ESTHER C. DORSETT AND B. R. DORSETT CONSTRUCTION COMPANY

No. 785SC840

(Filed 21 August 1979)

**Contracts § 4.1; Mortgages and Deeds of Trust § 9— release of land from deed of trust—option on land exercised—consideration for substitution of collateral**

A bank's agreement to release from its deed of trust land subject to a prior recorded option to purchase which was exercised by the optionee constituted sufficient consideration for an agreement to substitute other collateral for the released land.

APPEAL by defendant from *Tillery, Judge*. Judgment entered 10 April 1978 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 30 May 1979.

In this civil action, plaintiff seeks to recover from defendant for breach of a contract, whereby defendant agreed to pay certain escrow funds to plaintiff and third-party defendants jointly, but wrongfully paid the funds to third-party defendants alone in disregard of plaintiff's right under the contract. Defendant responded that the contract was not supported by consideration and therefore void.

Defendant also filed a third-party complaint against third-party defendants, who received and disposed of the escrow funds, seeking judgment against them for any amount for which it was found liable to plaintiff. Third-party defendants stipulated that in the event judgment was entered against defendants in favor of plaintiff, a judgment in like amount should be entered against B. R. Dorsett and wife, Esther C. Dorsett (hereinafter referred to as third-party defendants), in favor of defendant.

At trial, the evidence tended to show that in November 1974, plaintiff loaned $175,000 to third-party defendants, who executed a promissory note secured by a deed of trust on five parcels of real property as collateral; that one of the parcels, Tract 5, was subject to a lease which contained an option to purchase, exercisable by the lessee, by July 1975; that the lease had been duly recorded in July 1973; that Tract 5 was also subject to a first deed of trust in the amount of $95,000 in favor of First Citizens Bank and Trust Company; that Tract 5 was appraised at $150,000; that at the time plaintiff took Tract 5 as collateral, plaintiff was aware of the existing option to purchase; that during the same period of time, third-party defendants became involved in a controversy with another party, which party deposited money in an escrow fund, held by defendant as escrow agent, to be disbursed upon settlement of the dispute; that in June 1975, the lessee of Tract 5 exercised his option to purchase; that in order for third-party defendants to be able to sell the land to the lessee, plaintiff agreed to release Tract 5 from its deed of trust if third-party defendants would substitute additional collateral for it; that in July 1975, plaintiff and third-party defendants executed an agreement for substitution of collateral, whereby third-party defend-

ants agreed to substitute as collateral any sum determined to be due them from the escrow fund held by defendant; that the agreement specifically provided that third-party defendants would pay said amount to plaintiff; that defendant would disburse the funds by check made payable to plaintiff and third-party defendants jointly; that the agreement was executed by defendant; that plaintiff subsequently released Tract 5 from its deed of trust; that in September 1975, after resolution of the controversy regarding the escrow fund in third-party defendants' favor, defendant disbursed to third-party defendants, without naming the plaintiff as a co-payee, the sum of $29,951.23; that third-party defendants disposed of the entire sum, and plaintiff did not receive any of the funds; that through 1976, plaintiff negotiated with third-party defendants who were seeking an extension of the note which was in default; that plaintiff accepted, at this time, a pledge of 4,000 shares of stock from third-party defendants as additional collateral on the loan; that plaintiff's net profit from the sale of the stock was approximately $17,000; that the plaintiff did not accept the stock in settlement of its dispute with defendant and never told third-party defendants that it would refrain from suing defendant upon receipt of the stock; and that on 18 January 1978, the principal balance owing to plaintiff on third-party defendant's note was $126,522.35.

Defendant's evidence tended to show that plaintiff told third-party defendants that it would not sue defendant if third-party defendants delivered additional collateral to plaintiff; and that third-party defendants thereafter delivered the stock to plaintiff to be held for 90 days, but that plaintiff never said it was taking the stock in satisfaction of the misappropriated escrow funds.

The court concluded that defendant had breached the Agreement for Substitution of Collateral by failing to make plaintiff a co-payee of the disbursed funds and that as a result thereof, plaintiff had been damaged in the amount of $29,951.23. Defendant appealed.

*Burney, Burney, Barefoot & Bain, by Roy C. Bain, for plaintiff appellee.*

*Smith & Kendrick, by Vaiden P. Kendrick, for defendant appellant.*

ERWIN, Judge.

The defendant presents five questions for our determination: (1) Did the trial court err in failing to find facts and concluding as a matter of law that the release of a deed of trust recorded subsequent to an option, where the property is purchased by the optionee, is not sufficient consideration to support the alleged Substitution of Collateral Agreement? (2) Did the trial court err in denying defendant's motions to dismiss at the close of plaintiff's evidence and at the close of all the evidence and in finding as fact and concluding as a matter of law that plaintiff was damaged in the sum of $29,951.23, where there was not competent evidence of damages in that amount? (3) Did the trial court err in finding as fact that plaintiff heretofore obtained judgment against B. R. Dorsett and wife, and there was a judgment against the Dorsetts in the amount of $126,522.35 after credit for foreclosure, Findings of Fact Nos. 8 and 9, where there was no evidence to support said Findings of Fact? (4) Did the trial court err in failing to find as fact and concluding as a matter of law that plaintiff's damages had been mitigated to the extent of $17,386.25? (5) Did the trial court err in entering judgment against defendant Investors Title Insurance Company? We have considered each question presented and answer each of them, "No," and affirm the judgment entered by the trial court for the reasons that follow.

Defendant contends: that the Agreement for Substitution of Collateral is not supported by consideration; that Tract 5 was the subject of an option recorded prior to the plaintiff's deed of trust; and that upon the exercise of the option, plaintiff had no interest or rights in Tract 5 to release.

Defendant further contends that upon payment of the net proceeds of the sale from James Hall to plaintiff, the plaintiff had a duty to release Tract 5 without the substitution of additional collateral.

The court found the following facts:

"That on or about the 21st day of July, 1975, the defendant, Investors Title Insurance Company, agreed to the terms and conditions of a document entitled 'Agreement for Substitution of Collateral' recorded in Book 1054 at Page 130 of the New Hanover County Register of Deeds, one of the

terms and conditions being that after resolution of the lawsuit between Resort Properties and B. R. Dorsett Construction Company, one of the third-party defendants, the remaining funds in escrow would be made payable jointly by check or draft to the Bank of North Carolina, N.A., Wilmington, North Carolina, and B. R. Dorsett Construction Company."

The court concluded as a matter of law as follows:

"1. That on July 21, 1975 the plaintiff, the defendant Investors Title Company and the third-party defendants entered into a valid contract supported by consideration, with no condition precedents.

EXCEPTION NO. 8."

Plaintiff contends that these facts were found by the trial court after a jury trial had been waived and that such facts are based upon competent evidence and may not be disturbed on appeal. Plaintiff further contends that there was sufficient consideration to support the Agreement for Substitution of Collateral, because plaintiff was not legally bound to release Tract 5 from its deed of trust and obviously suffered a detriment by doing so.

We note that defendant does not explain why it failed to issue its check to Bank of North Carolina, N.A., Wilmington, North Carolina, and B. R. Dorsett Construction Company jointly as it contracted to do. Defendant does not question any terms of the Agreement for Substitution of Collateral or the execution of the agreement.

This Court held as follows in *Foundation, Inc. v. Basnight*, 4 N.C. App. 652, 654, 167 S.E. 2d 486, 488 (1969), with Judge Britt (now Justice Britt) speaking:

"Defendant insists that the purported contract relied on by plaintiff was not supported by sufficient consideration. In *Helicopter Corp. v. Realty Co.*, 263 N.C. 139, 139 S.E. 2d 362, we find the following: '* * * "It may be stated as a general rule that 'consideration' in the sense the term is used in legal parlance, as affecting the enforceability of simple contracts, consists of some benefit or advantage to the promisor, *or*

some loss or detriment to the promisee. *Exum v. Lynch*, 188 N.C. 392, 125 S.E. 15; *Cherokee County v. Meroney*, 173 N.C. 653, 92 S.E. 616; *Institute v. Mebane*, 165 N.C. 644, 81 S.E. 1020; *Findley v. Ray*, 50 N.C. 125. It has been held that 'there is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not.' " (Citations omitted.)

The lease does provide an option to purchase. However, the lease does not state whether or not the property would be sold free and clear of any and all liens as the defendant would have us to believe. Under the lease, the Dorsetts were required to seek release of the property from plaintiff on terms and conditions that would be mutually agreeable to the parties. We note further that defendant's duty under the contract was to pay money which was contingent upon the debtor's obligation to pay. We find that the contract in question is supported by adequate consideration, and defendant's assignment of error is without merit.

Defendant moved pursuant to G.S. 1A-1, Rule 41(b), of the Rules of Civil Procedure for an involuntary dismissal which was denied at the close of the plaintiff's case and again at the close of all of the evidence. Rule 41(b) of the Rules of Civil Procedure does not provide for a motion for involuntary dismissal at the close of all of the evidence. *Castle v. Yates Co.*, 18 N.C. App. 632, 197 S.E. 2d 611 (1973). Under Rule 41(b), in a trial without a jury, where as here, the motion was made at the close of the plaintiff's case, the trial judge does not consider the evidence in the light most favorable to the plaintiff. Instead, he must consider and weigh all competent evidence before him, passing upon the credibility of the witnesses, the weight to be given their testimony, and the reasonable inferences to be drawn therefrom. *Bridge Co. v. Highway Comm.*, 30 N.C. App. 535, 227 S.E. 2d 648 (1976).

In applying the above rule to the case before us, we hold there was ample evidence before the court to support the court's denial of the defendant's motion.

We further find no error in the findings of fact and the entry of judgment by the trial court.

It is the rule in this State that, where as here, the parties waive a jury trial and agree that the court may find the facts, they thereby transfer to the judge the function of weighing the evidence, and his findings are conclusive on appeal if supported by any competent evidence, notwithstanding the fact that evidence to the contrary may have been offered. *Huski-Bilt, Inc. v. Trust Co.*, 271 N.C. 662, 157 S.E. 2d 352 (1967); *Young v. Insurance Co.*, 267 N.C. 339, 148 S.E. 2d 226 (1966). The evidence presented supports the findings of fact, which in turn, supports the conclusions of law.

In the trial, we find no error.

Judgment affirmed.

Judges MARTIN (Robert M.) and ARNOLD concur.