An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-189
NORTH CAROLINA COURT OF APPEALS

Filed: 2 September 2014

SYLVIA SMITH,
    Plaintiff,

v.                                    Cumberland County
                                      No. 11 CVS 10470
FANNIE MCKINNON,
JERRY DANIELS and
JAMES F. DANIELS,
    Defendants.


Appeal by defendant Jerry Daniels from order entered 18 November 2013 by Judge C. Winston Gilchrist in Cumberland County Superior Court. Heard in the Court of Appeals 11 August 2014.

*Attorney Mark A. Key, for plaintiff.*

*Lewis, Deese, Nance, Briggs & Hardin, by James R. Nance, Jr. for defendant.*


ELMORE, Judge.

Jerry Daniels (defendant) timely appeals from an order entered on 18 November 2013 following a bench trial ordering that a deed transacting a tract of property located at 4524 Tonric Drive be set aside because defendant procured the execution of that deed by undue influence. After careful consideration, we affirm.

## I. Facts

On 24 March 1998, Fannie Powell (Mrs. Powell) executed her last will and testament through which she devised real property located on 4524 Tonric Drive (the Tonric Drive property) in Cumberland County to her niece, Sylvia Smith (plaintiff). In the same will, she also devised other real property to Fannie McKinnon, and to her nephew, defendant.

In December 2004, Mrs. Powell's husband passed away. After her husband's death, Mrs. Powell, then eighty-six-years old, exhibited physical and mental infirmities such that she needed daily care. As a result, she went to live with plaintiff. Approximately one week prior to 14 February 2005, defendant, without plaintiff's permission, removed Mrs. Powell from plaintiff's home. On 14 February 2005, defendant drove Mrs. Powell to Truet Cannady's (Attorney Cannady) law office. Defendant was present for at least a part of Mrs. Powell's meeting with Attorney Cannady, in which Mrs. Powell signed a revocation of plaintiff's power of attorney and instead named defendant as her attorney in fact. She also deeded the Tonric Drive property to defendant.

On 13 December 2011, plaintiff filed an action in Cumberland County Superior Court to have the deed transferring

the Tonric Drive property to defendant set aside due to alleged fraud, undue influence, unjust enrichment, and lack of mental capacity. During a bench trial held on 20 May 2013 before the Honorable C. Winston Gilchrist, defendant made an oral motion for a directed verdict, arguing that plaintiff's evidence was insufficient to establish undue influence. The trial court denied the motion and ultimately concluded that plaintiff had proven by the greater weight of the evidence that defendant procured the execution of the deed for the Tonric Drive property by exercising undue influence over Mrs. Powell. As a result, the trial court ordered that the deed for the Tonric Drive property be set aside.

## II. Analysis

### a.) Findings of Fact

Defendant first argues that the trial court erred in making findings of fact that were not supported by the evidence. We disagree.

"In reviewing a trial judge's findings of fact, we are 'strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's

ultimate conclusions of law.'" *State v. Williams*, 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008) (quoting *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982)); *see also Sisk v. Transylvania Cmty. Hosp.*, Inc., 364 N.C. 172, 179, 695 S.E.2d 429, 434 (2010) ("'[F]indings of fact made by the trial judge are conclusive on appeal if supported by competent evidence, even if . . . there is evidence to the contrary.'" (quoting *Tillman v. Commercial Credit Loans, Inc.*, 362 N.C. 93, 100-01, 655 S.E.2d 362, 369 (2008))).

First, defendant contends that the record does not support a finding that Mrs. Powell "would follow [defendant's] advice" (finding of fact #10). At trial, however, defendant testified that Mrs. Powell would not follow his advice "blindly," but she would follow his advice "[i]f she thought it was good advice[.]" Defendant's own statements, combined with testimony by plaintiff that defendant and Mrs. Powell had a close relationship, clearly support this finding.

Second, defendant argues that the record does not support a finding that approximately one week prior to 14 February 2005, defendant removed Mrs. Powell from plaintiff's residence (finding of fact #20), that Mrs. Powell began staying with defendant as soon as she was taken from plaintiff's home

(finding of fact #22), and that Mrs. Powell was staying with defendant at the time she executed the Tonric Drive deed (finding of fact #49). However, defendant testified that he took Mrs. Powell from plaintiff's home and she stayed with him for "approximately a week" before they met with Attorney Cannady. In another portion of defendant's testimony, he stated that he kept Mrs. Powell for "[m]aybe eight, ten" days before he drove her to Attorney Cannady's office. Moreover, plaintiff picked Mrs. Powell up from defendant's home a few days after 14 February 2005. Again, the evidence in the record supports the trial court's findings.

Third, defendant argues that the record does not support a finding that defendant may have been present during some, but not all, of Attorney Cannady's meetings with Mrs. Powell (finding of fact #23). However, Attorney Cannady's testimony clearly supports this finding. At trial he testified that defendant and Mrs. Powell came to his office on 14 February 2005, that he "had some conversations with both of them," and that he then asked defendant to leave the room so that he could discuss some matters with Mrs. Powell privately.

Fourth, defendant argues that the record does not support the trial court's finding of fact #43, which states that the

trial court did not find certain portions of defendant's testimony to be credible. As it is well within the trial court's discretion to weigh and determine the credibility of a witness, the trial court did not err in finding that certain parts defendant's testimony were not credible. *See Ingle v. Ingle*, 42 N.C. App. 365, 368, 256 S.E.2d 532, 534 (1979) ("It is the function of the trial judge, in trials without a jury, to weigh and determine the credibility of a witness."); *see also Garrett v. Burris,* ____ N.C. App. ____, ____, 735 S.E.2d 414, 418 (2012), *aff'd per curiam,* 366 N.C. 551, 742 S.E.2d 803 (2013) ("It is not the function of this Court to reweigh the evidence on appeal.").

Fifth, defendant argues that the trial court erred in finding that defendant procured the execution of the deed by removing Mrs. Powell from plaintiff's home and taking her to Attorney Cannady's office to have the deed prepared and executed (finding of fact #51). However, plaintiff and defendant's testimony show that: defendant knew Mrs. Powell could not read well; defendant removed Mrs. Powell from plaintiff's home without any notice to plaintiff; according to defendant, it "may very well could have been" him who set up the appointment with Attorney Cannady; defendant drove Mrs. Powell to Attorney

Cannady's office without notifying any other family members; no one else accompanied defendant and Mrs. Powell to Attorney Cannady's office; defendant may have been present during part, but not all, of Attorney Cannady's meeting with Mrs. Powell; defendant had known Attorney Cannady for at least eight to ten years before the date of trial; after Attorney Cannady prepared the deed, defendant invited him to go horseback riding; and Mrs. Powell was staying in defendant's home at the time the deed was executed and was subject to defendant's supervision immediately before and after its execution. This evidence supports a valid inference that defendant procured the execution of the deed.

Sixth, and lastly, defendant argues the trial court erred in finding that credible evidence did not establish that plaintiff misused any of Mrs. Powell's funds (finding of fact #40). At trial, however, plaintiff testified that all of the funds she withdrew from Mrs. Powell's bank accounts were used to pay for Mrs. Powell's taxes, utilities, and nursing care. She also testified that she made transfers to other accounts owned by Mrs. Powell. As with the other trial court's findings of fact previously discussed, this finding is also supported by competent evidence. Accordingly, each of the challenged findings are binding on appeal.

## b.) Defendant's Motion for a Directed Verdict

Next, defendant argues that the trial court erred in denying defendant's motion for a directed verdict because plaintiff did not offer sufficient evidence to support a finding of undue influence. We disagree.

"The standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury." *Davis v. Dennis Lilly Co.*, 330 N.C. 314, 322, 411 S.E.2d 133, 138 (1991) (citing *Kelly v. Int'l Harvester Co.*, 278 N.C. 153, 179 S.E.2d 396 (1971)).

> In determining the sufficiency of the evidence to withstand a motion for a directed verdict, all of the evidence which supports the non-movant's claim must be taken as true and considered in the light most favorable to the non-movant, giving the non-movant the benefit of every reasonable inference which may legitimately be drawn therefrom and resolving contradictions, conflicts, and inconsistencies in the non-movant's favor.

*Turner v. Duke Univ.*, 325 N.C. 152, 158, 381 S.E.2d 706, 710 (1989). To survive a motion for a directed verdict with respect to the claim of undue influence, the burden of proof "is on the [plaintiff] and he must present sufficient evidence to make out a prima facie case in order to take the case to the jury."

*Seagraves v. Seagraves*, 206 N.C. App. 333, 343, 698 S.E.2d 155, 164 (2010) (citation and quotation marks omitted).

"Undue influence is defined as a fraudulent influence over the mind and will of another to the extent that the professed action is not freely done but is in truth the act of the one who procures the result." *In re Will of Dunn*, 129 N.C. App. 321, 328, 500 S.E.2d 99, 103–04, *disc. review denied*, 348 N.C. 693, 511 S.E.2d 645 (1998) (citation and quotation marks omitted).

"There are four general elements of undue influence: (1) a person who is subject to influence; (2) an opportunity to exert influence; (3) a disposition to exert influence; and (4) a result indicating undue influence." *Id*. at 328, 500 S.E.2d at 104 (citation omitted). A finding of undue influence involves a "heavily fact-specific inquiry." *In re Will of Jones*, 362 N.C. 569, 575, 669 S.E.2d 572, 577 (2008). Our Supreme Court has enumerated seven factors as being probative with respect to the issue of undue influence:

> 1. Old age and physical and mental weakness;
>
> 2. that the person signing the paper is in the home of the beneficiary and subject to his constant association and supervision;
>
> 3. that others have little or no opportunity to see him;

4. that the [deed] is different from and revokes a prior will;

5. that it is made in favor of one with whom there are no ties of blood;

6. that it disinherits the natural objects of his bounty;

7. that the beneficiary has procured its execution.

*In re Will of Andrews*, 299 N.C. 52, 55, 261 S.E.2d 198, 200 (1980) (citation and quotation marks omitted). However, a litigant need not demonstrate every factor named in *Andrews* to prove undue influence. *In re Estate of Forrest*, 66 N.C. App. 222, 225, 311 S.E.2d 341, 343, *aff'd per curiam*, 311 N.C. 298, 316 S.E.2d 55 (1984). Instead, there is a "need to apply and weigh each factor in light of the differing factual setting of each case." *In re Will of Jones,* 362 N.C. at 575, 669 S.E.2d at 578. Accordingly, any evidence showing "an opportunity and disposition to exert undue influence, the degree of susceptibility of [the] [grantor] to undue influence, and a result which indicates that undue influence has been exerted" are relevant considerations. *In re Will of Thompson,* 248 N.C. 588, 593, 104 S.E.2d 280, 285 (1958) (citation and internal quotation marks omitted).

After applying the evidence in the case at bar to the *Andrews* factors (discussed below), it is clear that plaintiff presented sufficient evidence of undue influence to survive defendant's motion for a directed verdict at trial.

We first note that plaintiff provided ample evidence of *Andrews* factor #7, "[t]hat the beneficiary has procured [the deed's] execution[,]" as we have already concluded that the trial court's finding of fact #51 that "defendant procured the execution of the deed" is supported by competent evidence. We now address the remaining *Andrews* factors.

1. *Old age and physical and mental weakness*

Mrs. Powell was eighty-seven years old when she executed the deed transferring the Tonric Drive property to defendant and showed signs of physical and mental weakness. Plaintiff testified that Mrs. Powell was not able to conduct her own business, and it was well understood that Mrs. Powell could not read well. After her husband passed away, Mrs. Powell was not able to live by herself. She had a home health nurse who was responsible for taking care of her. Plaintiff's account of the period when Mrs. Powell lived with her indicates Mrs. Powell did not understand that her husband had passed away. Plaintiff

stated that Mrs. Powell frequently asked about her husband, including where he was, and not everything she said made sense.

Additionally, Ms. McKinnon testified that when she visited with Mrs. Powell in 2005, her mind wandered and she would "say stuff that [is] confusing[.]"  During her visits, Ms. McKinnon explained that she would typically have to just sit and listen to Mrs. Powell talk: "I will just go along with what she's saying because I know she's not in her right mind[.]"  Ms. McKinnon further testified that when she spoke to Mrs. Powell on the phone, Mrs. Powell sounded distant and confused, and slurred her words.  Even after Ms. McKinnon identified herself, Mrs. Powell also had trouble remembering who Ms. McKinnon was when the two spoke over the phone.  Furthermore, plaintiff's testimony indicates that Mrs. Powell was without her arthritis and nerve medications during the week prior to the execution of the Tonric Drive deed.  Mrs. Powell's medical records also list Alzheimer's dementia as a secondary diagnosis on the discharge summary from her hospital visit on 12 May 2005.

   2. *The grantor is in the home of the beneficiary and subject to his constant association and supervision.*

The record reveals that approximately one week prior to 14 February 2005, defendant removed Mrs. Powell from plaintiff's

home without any advance notice to plaintiff. By defendant's own admission, Mrs. Powell stayed with him for approximately one week prior to the day on which the deed was executed. Another portion of defendant's testimony indicates that Mrs. Powell stayed with him for eight to ten days before defendant took her to Attorney Cannady's office. The record therefore supports an inference that Mrs. Powell was in defendant's home and subject to his constant association and supervision.

3. *Others have little or no opportunity to see the grantor.*

The evidence also supports the inference that during the time period leading up to the execution of the deed, others had little opportunity to see Mrs. Powell, and that defendant attempted to control access to her. Plaintiff testified that defendant told her he would return Mrs. Powell on 14 February 2005, but instead, drove Mrs. Powell to Attorney Cannady's office. Plaintiff also testified that she did not see Mrs. Powell again until after 14 February 2005, when Mrs. Powell and her sisters drove to defendant's home to take Mrs. Powell back to plaintiff's house.

4. *That the deed is different from and revokes a prior will*

In Mrs. Powell's last will and testament, executed in March 1998, she devised the Tonric Drive property to plaintiff. The

deed executed after the meeting at Attorney Cannady's office conveyed the same property to defendant. Thus, the deed executed by Mrs. Powell on 14 February 2005 effectively changed part of her prior will.

    5. *That it is made in favor of one with whom there are no ties of blood*

The Tonric Drive deed was made in favor of one with whom Mrs. Powell has blood ties. Defendant is Mrs. Powell's nephew, and defendant was close to both Mrs. Powell and her late husband. This factor weighs in favor of defendant's position.

    6. *That it disinherits the natural objects of her bounty*

To the extent the deed improved the position of defendant, it disinherited plaintiff, Mrs. Powell's niece—a natural object of Mrs. Powell's bounty. While it is true that defendant is also a natural object of Mrs. Powell's bounty, defendant received other property bequeathed to other relatives in Mrs. Powell's will as the result of the conveyances in which he was involved.

As plaintiff presented evidence that supports six of the seven *Andrews* factors, she set forth sufficient evidence to establish a claim of undue influence. Thus, the trial court did not err in denying defendant's motion for a directed verdict.

## c.) Plaintiff's Burden of Proof

Next, defendant argues that the trial court failed to apply the appropriate burden of proof in analyzing evidence in the case. Specifically, defendant maintains that based on several specific findings of fact made by the trial court, plaintiff necessarily failed to satisfy her burden of proof to show that defendant procured the execution of the deed by undue influence. We disagree.

"The standard of review on appeal from a judgment entered after a non-jury trial is 'whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment.'" *Cartin v. Harrison*, 151 N.C. App. 697, 699, 567 S.E.2d 174, 176 (quoting *Sessler v. Marsh*, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163 (2001)), *disc. review denied*, 356 N.C. 434, 572 S.E.2d 428 (2002).

Defendant directs our attention to seven findings of fact made by the trial court, most of which were also challenged by defendant as unsupported by the evidence. He argues that because the trial court made these specific findings, the trial court could not have drawn the legal conclusion that defendant exercised undue influence over Mrs. Powell. However, after

review of these findings discussed by defendant, we conclude that none of them preclude the trial court from ruling that undue influence existed as a matter of law or show a failure to utilize the appropriate burden of proof. Instead, the trial court's other findings of fact reflect an analysis of the *Andrews factors* in light of the applicable burden of proof, such that the findings support the trial court's conclusion that defendant exercised undue influence on Mrs. Powell.

**d.) Findings of Fact Not Made by the Trial Court**

Finally, defendant argues that the trial court erred by ignoring competent testimony. Specifically, defendant asserts that the trial court did not properly consider: 1.) the testimony of Attorney Cannady, his secretary, and Colin Summerall because it failed to make findings of fact related to their testimony about the reasons that Mrs. Powell might have disinherited plaintiff by executing the Tonric Drive deed, and 2.) plaintiff's conduct as explaining Mrs. Powell's actions. We disagree.

In a bench trial, the trial court must "consider and weigh all *competent* evidence before him[.]" *Bank of N. Carolina, N.A. v. Investors Title Ins. Co.*, 42 N.C. App. 616, 621, 257 S.E.2d 453, 457 (1979) (emphasis added).

Here, the trial court found that "[a]fter an opportunity to hear the testimony and observe the demeanor of the witnesses, the court finds that the testimony of [defendant] was not credible with respect to how the signature of Ms. Powell on the deed . . . was obtained." This finding reasonably suggests that the trial court considered the testimony of Attorney Cannady, his secretary, and Summerall, in making its ultimate determination concerning the reason that Mrs. Powell signed the Tonric Drive deed. Moreover, the trial court found that "[t]he credible evidence did not establish that plaintiff's conduct was inconsistent with her position at trial that the deed for 4524 Tonric Drive signed by Fannie Powell for the benefit of defendant Jerry Daniels . . . was the product of the undue influence of defendant[.]" Thus, the trial court, within its discretion, weighed the testimony and found that defendant's undue influence caused Mrs. Powell's actions, not plaintiff's conduct. Accordingly, defendant's argument is without merit.

### III. Conclusion

The trial court did not err with respect to any of the issues defendant raises on appeal. The trial court's findings of fact are supported by competent evidence. Moreover, plaintiff's evidence was sufficient to support a denial of

defendant's motion for a directed verdict and the trial court's determination that defendant procured the execution of the Tonric Drive deed by exercising undue influence over Mrs. Powell.  Accordingly, we affirm the trial court's order.

Affirmed.

Judges ERVIN and McCULLOUGH concur.

Report per Rule 30(e).